THE STATE, EX REL. KELLOGG, *v.* OHIO ADULT PAROLE AUTHORITY ET AL.

[Cite as *State, ex rel. Kellogg, v. Ohio Adult
Parole Auth.* (1991), 62 Ohio St.3d 80.]

(No. 90–2439—Submitted March 5, 1991—Decided October 16, 1991.)

*Glenn S. Kellogg, pro se.*

*Lee I. Fisher,* Attorney General, and *Cheryl F. Jorgensen,* for respondents.

*Per Curiam.*  We grant respondents' motion for summary judgment.

Relator argues that the hearing he received on his parole revocation denied him due process of law because he was denied assistance of counsel, "discovery" (by which he apparently means notice of the charges and evidence against him), and the right to present evidence in mitigation.

Evidence submitted by respondents shows that after being paroled, relator was convicted of four felonies and reimprisoned.  Some two months later he was given a parole revocation hearing, which, pursuant to Ohio Adm.Code 5120:1–1–19(A)(1),[1] was limited to the issue of mitigation.  At the hearing, the fact of the subject convictions was established.  Relator offered only an ambiguous statement in mitigation.

Relator did not plead at the hearing, nor does he now plead, any especially difficult or complex issues in mitigation that would entitle him to counsel. See *State, ex rel. Stamper, v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d

---

1.  Ohio Adm.Code 5120:1–1–19(A)(1) states:

"In the event a releasee is convicted and sentenced on a new felony under Ohio law, it shall be conclusively presumed that Administrative Regulation 5120:1–1–12 [releasee must abide by all laws and departmental rules] has been violated.  In such cases, as applicable, the parole revocation hearing will be confined to the determination of mitigating circumstances."

85, 578 N.E.2d 461, decided this day. Instead, he argues that a parole violator by reason of conviction of a subsequent felony is entitled to all procedural rights afforded to a technical violator. We rejected this argument in *Stamper.*

Accordingly, we grant respondents' motion for summary judgment and deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.