THE STATE, EX REL. STAMPER, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Cite as *State, ex rel. Stamper, v. Ohio Adult
Parole Auth.* (1991), 62 Ohio St.3d 85.]

(No. 90–2551—Submitted April 8, 1991—Decided October 16, 1991.)

*John Stamper, pro se.*

*Lee I. Fisher*, Attorney General, and *Gerald E. Dailey*, for appellees.

---

*Per Curiam.* We affirm the judgment of the court of appeals.

Appellant argued below that he was denied due process at his parole revocation hearing because he was not permitted to be represented by counsel, to present witnesses or documents, or to confront and cross-examine adverse witnesses as required by *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. The court of appeals held that appellees' evidence submitted in support of their motion for summary judgment indicated that appellant had been granted the right to present witnesses and documents and to confront and cross-examine witnesses, and that appellant was not entitled to counsel under *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

On appeal, appellant argues that the court of appeals erred by granting appellees' motion for summary judgment because a genuine issue of material

fact existed and he was not permitted to conduct discovery. The record shows that appellees' motion for summary judgment was filed on October 10, 1990; that on October 17, 1990, notice was sent of the court's intent to hear the motion for summary judgment on November 5, 1990; and that on October 26, 1990, appellant filed a "motion" opposing appellees' motion for summary judgment, to which he attached a memorandum in support and certain affidavits. At the close of the memorandum, appellant merely requested the court to overrule the motion for summary judgment and to permit discovery.

Thus, appellant was not denied the opportunity to conduct discovery. He was given notice more than fourteen days prior to the hearing, as required by Civ.R. 56(C), and he filed his memorandum and evidence within that fourteen days.

The "genuine issues of material fact" that appellant claims remain are whether he was advised that he could present mitigating evidence at his parole revocation hearing and whether he was afforded due process at the hearing. Appellees submitted the affidavit of the hearing officer, who stated that he informed appellant of his right to present evidence in mitigation, but that appellant made no request for witnesses. Appellant confirms this in his memorandum in support of his "motion" opposing summary judgment, when he states:

"The Relator submits that the statement [that relator requested no witnesses] is a misrepresentation in the sense that it gives an objective reader the impression that if Relator had in fact requested witnesses, then he would have been permitted to have his witnesses present * * *."

Accordingly, the court of appeals committed no error by accepting appellees' version of the facts on this point.

The hearing officer's affidavit also stated that the only evidence appellant offered at the hearing was that he did not commit the subsequent crime of which he was convicted. *Morrissey*, which established the rights appellant claims to have, states:

"Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey*, 408 U.S. at 490, 92 S.Ct. at 2605, 33 L.Ed.2d at 499.

By denying guilt in the parole revocation hearing, appellant was merely attempting to relitigate his conviction. Accordingly, the court of appeals did not err by finding for appellees on this issue.

Finally, appellant argued that he was denied his right to counsel established by *Morrissey.* However, the United States Supreme Court has interpreted *Morrissey,* thusly:

"In most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him. [Citation omitted.] And while in some cases he may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible of proof or is so simple as not to require either investigation or exposition by counsel." *Gagnon v. Scarpelli, supra,* 411 U.S. at 787, 93 S.Ct. at 1762, 36 L.Ed.2d at 664.

Accordingly, we hold that counsel is not automatically required under *Morrissey* for mitigation hearings, and since appellant presented no mitigating evidence entitled to weight, the court of appeals did not err by finding appellant had no right to counsel in this case.

Before the court of appeals, appellant relied on *Witzke v. Withrow* (W.D.Mich.1988), 702 F.Supp. 1338, in which the federal district court held that, before parole is revoked, a parolee is entitled to a mitigation hearing with a full panoply of *Morrissey* rights, including the right to counsel. *Id.* at 1353. We think *Witzke* is overbroad on this point, and is refuted by *Gagnon v. Scarpelli, supra,* and *Preston v. Piggman* (C.A. 6, 1974), 496 F.2d 270, on which *Witzke* relies in part.

As quoted above, *Gagnon* held that most cases where a parolee has been convicted of a subsequent crime or admits the violation will be simple, and assistance of counsel will not be required. However, *Gagnon* also states:

" * * * Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim * * * that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Gagnon,* 411 U.S. at 790, 93 S.Ct. at 1764, 36 L.Ed.2d at 666.

In *Preston, supra,* the Sixth Circuit Court of Appeals found just such conditions where a parolee moved to a certain county in violation of his parole, but did so because of a chain of potentially mitigating circumstances. The court stated:

"Counsel will be necessary to investigate and present to the Board in an orderly fashion the circumstances surrounding appellant's employment and

living difficulties in Lee County and also his communications with the parole officials." *Preston, supra,* 496 F.2d at 275.

The instant case is the opposite of *Preston.* Here, appellant made no "colorable claim" of substantial, complex, or difficult mitigation factors requiring counsel. *Gagnon v. Scarpelli, supra.* Rather, he argued that he has an absolute right to all *Morrissey* rights, including the right to counsel. We disagree with that assertion and so affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.