[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 185.]

THE STATE EX REL. JACKSON, APPELLANT, *v*. MCFAUL, SHERIFF, APPELLEE.

[Cite as *State ex rel. Jackson v. McFaul*, 1995-Ohio-228.]

*Petition for writ of habeas corpus seeking release from confinement after revocation of parole—Petition dismissed, when.*

(No. 95-155—Submitted May 23, 1995—Decided August 16, 1995.)

APPEAL from Court of Appeals for Cuyahoga County, No. 68182.

_____

{¶ 1} On March 19, 1992, following a bench trial, the Cuyahoga County Court of Common Pleas found appellant, Theodore Jackson, guilty of robbery and sentenced him to an indefinite term of from eight-to-fifteen years with eight years of actual incarceration. On June 12, 1992, Jackson's parole was revoked following a hearing, apparently due to his robbery conviction. On Jackson's Parole Board risk-assessment form, there is a handwritten notation that, in mitigation, Jackson stated that he was "not guilty of the crime" and that "his attorney did not give him good representation."

{¶ 2} On September 14, 1994, in a prior appeal, we reversed the denial of habeas corpus relief and granted a writ of habeas corpus discharging Jackson from prison on the basis that Jackson's written waiver of a jury trial in his 1992 robbery case was never filed and made a part of the record in the robbery case. *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563. The court emphasized that the common pleas court was not precluded from retrying Jackson on the robbery charge. *Id.*, 70 Ohio St.3d at 263, 638 N.E.2d at 565. There was no evidence or argument in *State ex rel. Jackson* that Jackson was being held in prison due to a parole revocation in addition to his robbery conviction.

{¶ 3} On November 22, 1994, Jackson filed a petition for a writ of habeas corpus in the Court of Appeals for Cuyahoga County. Jackson alleged that he was

being unlawfully held by appellee, Cuyahoga County Sheriff Gerald T. McFaul, because his parole was improperly revoked on June 12, 1992. Jackson alleged that his parole was unlawfully revoked for three reasons: (1) he was not informed of his right to request counsel, (2) he was not advised of his due process rights, and (3) his hearing was not held within a reasonable time.

**{¶ 4}** Sheriff McFaul filed a motion to dismiss based on the argument that Jackson had an adequate remedy by appeal, and Jackson filed a motion for summary judgment. On January 4, 1995, the court of appeals dismissed the petition on the basis that habeas corpus is not available to challenge the decisions of the Ohio Adult Parole Authority, citing *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 626 N.E.2d 67.

**{¶ 5}** The cause is now before the court upon an appeal as of right.

———————————

*Theodore R. Jackson*, pro se.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *John W. Monroe*, Assistant Prosecuting Attorney, for appellee.

———————————

**Per Curiam.**

**{¶ 6}** The court of appeals relied on *Hattie v. Anderson*, *supra*, to hold that habeas corpus will not lie to review the actions of the Ohio Adult Parole Authority ("APA") where the petition does not attack the jurisdiction of the sentencing court. See, also, *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 4 O.O.3d 485, 364 N.E.2d 286. However, since *Hattie*, we have held that habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.*, appeal or postconviction relief. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29.

{¶ 7} The revocation of parole implicates a liberty interest which cannot be denied without certain procedural protections. *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. Minimum due process entitles parolees to certain rights, including the right to a hearing within a reasonable time following arrest and, under certain circumstances, the right to counsel. *Morrissey* and *Gagnon*, *supra*; see, also, Ohio Adm. Code 5120:1-1-19. In addition, R.C. 2967.15 also requires a parole-revocation hearing within a reasonable time, prescribing re-release on parole under the former terms and conditions if a violation occurs.

{¶ 8} Since a parolee could be restrained solely by a parole revocation that violates the rights specified by *Morrissey*, *Gagnon*, and/or R.C. 2967.15, it is no longer accurate based upon *Pirman* to state that habeas corpus will never lie to challenge an action of the APA. Due process rights are involved in parole revocation, and there is no appeal from an APA decision. Therefore, while the most common situation in which the writ of habeas corpus will issue is when the petition successfully attacks the jurisdiction of the sentencing court, see R.C. 2725.05, habeas corpus will also lie to challenge a decision of the APA in extraordinary cases involving parole revocation. However, for the following reasons, this is not one of those extraordinary cases.

{¶ 9} To avoid dismissal under R.C. 2725.06, a petition filed by or on behalf of a petitioner "alleged to be restrained of his liberty [who] is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record ***" (R.C. 2725.05) must particularly state why the court lacked jurisdiction to enter the process, judgment, or order. *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744, 746. As modified by *Pirman*, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. As in similar cases involving inmates seeking extraordinary relief, unsupported conclusions of the petition or complaint are not

considered admitted and are insufficient to withstand a motion to dismiss. *Hammond*, *supra*; see, also, *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114, and cases cited therein.

{¶ 10} Jackson's first claim in his habeas corpus petition was that he was not informed of his right to request counsel at his final parole revocation hearing. See *Gagnon*, *supra*; see, also, Ohio Adm. Code 5120:1-1-19(D). However, Jackson's claim is meritless, since he specified no facts in his petition relating substantial, complex, or difficult factors which would have entitled him to counsel. *State ex rel. Stamper v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 85, 87-88, 578 N.E.2d 461, 463.

{¶ 11} Jackson alleged in his second claim for habeas corpus relief that he was never advised of his minimum due process rights, as set forth in *Morrissey*, before or during his final parole-revocation hearing. See, also, Ohio Adm. Code 5120:1-1-19. Nevertheless, Jackson did not contend in his petition that he was actually denied any of his *Morrissey* due process rights at the parole-revocation hearing. Further, his petition merely parroted language from *Morrissey* in a conclusory manner without setting forth any specific facts.

{¶ 12} Additionally, habeas corpus lies only if the petitioner is entitled to immediate release from confinement. *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94; R.C. 2725.17. As long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison. See *Dolfi v. Bogan* (C.A.6, 1993), 996 F.2d 1214; *Camacho v. White* (C.A.9, 1990), 918 F.2d 74; *Heath v. United States Parole Comm.* (C.A.2, 1986), 788 F.2d 85.

{¶ 13} Jackson's final claim in his petition for a writ of habeas corpus was that an unreasonable delay had indeed occurred. However, under the applicable test for unreasonable delay, prejudice receives substantial emphasis. *Seebeck v.*

*Zent* (1993), 68 Ohio St.3d 109, 111, 623 N.E.2d 1195, 1197. Three interests that are weighed in the prejudice determination are: (1) prevention of oppressive prehearing incarceration, (2) minimization of anxiety and concern of the alleged parole violator, and (3) limitation of the possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing. *State ex rel. Taylor v. Ohio Adult Parole Auth.* (1993), 66 Ohio St.3d 121, 128, 609 N.E.2d 546, 551. The "most serious" component of prejudice requiring the court's "primary attention" is the third, i.e., the possibility that delay impaired the accused parole violator's ability to defend against revocation. *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 136, 564 N.E.2d 1060, 1065.

{¶ 14} Jackson's petition failed to allege any prejudice in even a conclusory fashion. In addition, it is evident that most of the "delay" alleged by Jackson, *i.e.*, December 14, 1991 until November 1994, apparently covers the time when Jackson was held on his robbery charge and subsequent conviction. Although that conviction was invalidated by this court in *State ex rel. Jackson*, it did not remove all factual support from the revocation. *Flenoy*, *supra*, 56 Ohio St.3d at 132, 564 N.E.2d at 1062. Jackson's complaint also did not indicate any request for a new parole-revocation hearing following *State ex rel. Jackson*.

{¶ 15} Accordingly, since Jackson's petition failed to state with sufficient specificity facts warranting habeas corpus relief, the court of appeals properly dismissed the petition, although that court's rationale was erroneous. See *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309 ("[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof.").[1]

{¶ 16} Accordingly, the judgment of the court of appeals is affirmed.

---

1. In his appellate brief, Sheriff McFaul raises the new claim that he does not have custody of Jackson, who he asserts is at Lorain Correctional Institution. In response, Jackson has moved for leave to amend his petition in the context of this appeal to include the name of his prison warden as a respondent. However, in light of the foregoing disposition, Jackson's motion is overruled as moot.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.

———————————

**PFEIFER, J., dissenting.**

{¶ 17} I dissent from the majority's holding that this is not an extraordinary case which demands habeas corpus relief. On September 14, 1994, we granted Jackson a writ of habeas corpus discharging him from prison on the basis that he had been wrongly convicted of robbery. *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563. However, Jackson remains in prison because the conviction which we determined was wrongful was used earlier in a Parole Board hearing to revoke Jackson's parole.

{¶ 18} Thus, the man who we determined up to the time of our decision had wrongfully served thirty months of prison time on an improper conviction continues to serve prison time based upon that same improper conviction. I consider this Kafkaesque result extraordinary, and one worthy of correction through habeas corpus relief.

———————————