[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 171.]

LEAL, APPELLANT, *v*. MOHR, WARDEN, ET AL., APPELLEES.

[Cite as *Leal v. Mohr*, 1997-Ohio-126.]

*Habeas corpus petition denied for failure to comply with R.C. 2725.04.*

(No. 97-574—Submitted September 9, 1997—Decided October 29, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD05-694.

————————————

{¶ 1} In 1978, appellant, Gilbert Leal, was convicted of aggravated murder and sentenced to life in prison. Leal was paroled in 1992, and his parole was revoked in 1994. In August 1995, Leal was reparoled. His parole conditions provided that he would not use any narcotic drug or other controlled substance and that he would submit to drug testing. In November 1995, Leal admitted using cocaine at a release revocation hearing, and he was ordered to complete certain programs.

{¶ 2} In February 1996, Leal's parole officer obtained a urine sample from Leal. The parole officer certified that the sample was collected, labeled, and sealed in Leal's presence. An Adult Parole Authority ("APA") lab technician tested Leal's urine sample, and it tested positive for cocaine. The sample was retested at the Medical College of Ohio with the same result.

{¶ 3} As a result of the positive drug tests, the APA notified Leal of a parole revocation hearing. Leal was represented by counsel at the hearing and was given the opportunity to present mitigating evidence. After crediting the testimony of Leal's parole officer and the APA lab technician who tested Leal's urine sample, the APA hearing officer recommended that Leal's parole be revoked for cocaine use. The APA then revoked Leal's parole.

{¶ 4} Leal subsequently filed a petition in the Court of Appeals for Franklin County for a writ of habeas corpus to compel his immediate release from prison.

Leal claimed that the APA improperly revoked his parole because no competent evidence supported its conclusion that Leal violated the terms of his parole. The court of appeals overruled appellees' motion to dismiss and ordered the parties to file evidentiary statements or a stipulation of evidence and briefs in accordance with its Loc.R. 11. The court of appeals also overruled Leal's motion for an oral hearing. After the parties filed evidentiary statements and briefs, the court of appeals denied the writ.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Denise M. Herbele*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Jon C. Walden*, Assistant Attorney General, for appellees Gary C. Mohr, Warden, Correctional Reception Center, et al.

_____

***Per Curiam.***

{¶ 6} Leal asserts in his second proposition of law that the court of appeals erred in upholding his parole revocation. Habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty if there is no adequate legal remedy. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29.

{¶ 7} Leal contends that the APA improperly revoked his parole because the APA presented no evidence at the revocation hearing that he had violated his parole. Appellees, however, submitted evidence by affidavit of the APA hearing officer and exhibits in the court of appeals that showed Leal tested positive for cocaine, establishing that he had used cocaine and thereby violated his parole. In contrast, Leal's evidence consisted of the unsworn statements of his attorney; therefore, the court of appeals properly denied the writ after concluding that "Leal has presented nothing other than his own arguments that the hearing officer's report

does not accurately summarize the evidence that was presented" and that "Leal * * * failed to show the existence of extraordinary circumstances * * *."

{¶ 8} In addition, Leal's petition was properly denied because he did not verify his petition as required by R.C. 2725.04. See, *e.g., McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11; *Messer v. McAninch* (1997), 77 Ohio St.3d 1511, 673 N.E.2d 1383. Therefore, Leal's second proposition of law lacks merit and is overruled.

{¶ 9} Leal asserts in his first proposition of law that the court of appeals erred by failing to hold a hearing on his habeas corpus claim. R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action. *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608-609, 653 N.E.2d 659, 661. The court of appeals instead followed the procedure in its local rules.

{¶ 10} We need not decide whether the court of appeals erred in this regard. As noted by appellees, any error did not prejudice Leal, since he was given the opportunity to submit evidence at the parole revocation hearing. See *State ex rel. Gabriel v. Youngstown* (1996), 75 Ohio St.3d 618, 619, 665 N.E.2d 209, 210, quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus (" 'Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.' "). Even if the court of appeals had followed the procedure set forth in R.C. Chapter 2725, an evidentiary hearing is not always required in habeas corpus proceedings. *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196. Leal's first proposition of law is overruled.

{¶ 11} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., not participating.

_____