**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 639.]**

THE STATE EX REL. FINFROCK, APPELLANT, *v.* OHIO ADULT PAROLE
AUTHORITY, APPELLEE.

[Cite as *State ex rel. Finfrock v. Ohio Adult Parole Auth.*, 1998-Ohio-655.]

*Mandamus to compel reinstatement of parole and release from London
Correctional Institution denied, when.*

(No. 97-1270—Submitted October 20, 1997—Decided January 7, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD02-208.

———————————

{¶ 1} Appellant, John M. Finfrock, an inmate at London Correctional Institution, filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellee, the Ohio Adult Parole Authority ("APA"), to release him from prison and reinstate his parole. Finfrock claimed that the APA had improperly revoked his parole because it failed to hold a timely and fair parole revocation hearing. The court of appeals granted the APA's motion for summary judgment and denied the writ.

{¶ 2} This cause is now before the court upon an appeal as of right.

———————————

*John M. Finfrock*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *John H. Jones*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 3} Finfrock asserts in his various propositions of law that the court of appeals erred by denying the writ of mandamus. Finfrock contends, among other things, that his parole revocation hearing was void because the APA did not comply

with the minimum due process requirements set forth in *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶ 4} As we recently noted, however, in affirming an appeal in a similar case, habeas corpus, rather than mandamus, is the proper action for persons claiming entitlement to immediate release from prison. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227, citing *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

{¶ 5} In addition, even if the court of appeals had considered Finfrock's action as one in habeas corpus instead of mandamus, Finfrock was also not entitled to a writ of habeas corpus because he failed to attach his pertinent commitment papers, *i.e.*, his conviction and sentence and his parole revocation. R.C. 2725.04(D); *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11.

{¶ 6} Based on the foregoing, we affirm the judgment of the court of appeals. Finfrock was not entitled to the requested extraordinary relief.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____