The State ex rel. Adkins, Appellant, *v.* Ohio
Adult Parole Authority, Appellee.

[Cite as *State ex rel. Adkins v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 171.]

(No. 98–38—Submitted April 20, 1998—Decided June 17, 1998.)

*Richard Adkins*, pro se.

*Betty D. Montgomery*, Attorney General, and *Brian M. Zets*, Assistant Attorney General, for appellee.

**Per Curiam.** Adkins asserts in his various propositions of law that the court of appeals erred in denying the writ. For the following reasons, however, we find Adkins's contentions to be meritless.

First, Adkins was not entitled to a writ of mandamus to compel his release from prison on parole. Habeas corpus, rather than mandamus, is the proper action for persons claiming entitlement to immediate release from prison. *State ex rel. Finfrock v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 639, 640, 687 N.E.2d 761.

Second, the APA did not rely solely on hearsay evidence to determine that Adkins violated his parole. Two of the violations were supported by Adkins's

admissions and the remaining violation was supported by testimonial evidence by Adkins, his parole officer, and two police officers.

Third, Adkins claims that the APA could not properly consider evidence concerning the marijuana pipe because the police search of the automobile was illegal. But the APA could consider this evidence. As we have held, "[e]vidence obtained through an unreasonable or unlawful search and seizure is generally admissible in probation and/or parole revocation proceedings." See *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 661 N.E.2d 728, paragraph two of the syllabus.

Finally, Adkins's claim that his appointed counsel was ineffective is not supported by the evidence, nor is Adkins's assertion that the APA refused his request to have certain witnesses subpoenaed. On the contrary, it was due to the efforts of his counsel that the APA found Adkins not guilty of one of the parole violations. And the only proper evidence before the court indicated that Adkins did not request any witnesses for his parole revocation hearing.[1] In any case, Adkins also failed to specify the testimony of the witnesses or how this testimony would have resulted in his release on parole. Cf. *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114 (Inmates are required to plead specific facts rather than unsupported conclusions.).

The record establishes that the APA fully complied with the minimal due process requirements for parole revocation proceedings in revoking Adkins's parole. *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. No new parole revocation proceeding was required. See *State ex rel. Grinnell v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 201, 580 N.E.2d 1088; *State ex rel. Stamper v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 85, 578 N.E.2d 461.

Based on the foregoing, Adkins did not establish his entitlement to either release on parole or a new revocation hearing. Accordingly, we affirm the judgment of the court of appeals denying the writ.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. By contrast, the exhibit relied on by Adkins to support his contention that he requested witnesses was not filed in accordance with the court of appeals' July 1997 order regarding filing of evidentiary statements, was not certified, as required by Loc.App.R. 12(G) of the Tenth Appellate District, and appears to relate to a different parole revocation proceeding involving his domestic violence charge. See, also, *Leal v. Mohr* (1997), 80 Ohio St.3d 171, 173, 685 N.E.2d 229, 230 (APA could properly discount unsworn statements presented at parole revocation hearing.).