[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 171.]

THE STATE EX REL. ADKINS, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Adkins v. Ohio Adult Parole Auth.*, 1998-Ohio-371.]

*Mandamus to compel relator's release from prison on parole or a new parole revocation hearing denied, when.*

(No. 98-38—Submitted April 20, 1998—Decided June 17, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD06-764.

————————————

{¶ 1} In August 1986, appellant, Richard Adkins, began serving a six-to-fifteen-year sentence for the offenses of receiving stolen property, robbery, and escape. In January 1996, appellee, Ohio Adult Parole Authority ("APA"), paroled Adkins to the Springfield home of his wife, Jackie, and ordered him to complete substance abuse counseling. In March 1996, after Adkins had been arrested for domestic violence, the APA continued his parole but ordered his placement in a halfway house and completion of substance abuse and stress and anger management programs. The domestic violence charge was dismissed because Adkins's wife did not follow through with it. Adkins was subsequently placed in a Volunteers of America ("VOA") halfway house.

{¶ 2} In April 1996, Adkins was late returning to the halfway house and later left the house without staff permission. The VOA then terminated Adkins from its program. The APA declared Adkins a parole violator-at-large, and he was subsequently arrested.

{¶ 3} On June 10, 1996, the APA notified Adkins that he was being charged with committing the following parole violations: (1) on June 4, 1996, he resisted his lawful arrest, (2) he failed to complete the VOA program, (3) he had contact with his wife, and (4) on June 4, 1996, he possessed drug paraphernalia, *i.e.*, a

marijuana pipe. The APA also notified Adkins of a parole revocation hearing involving these charges. Adkins requested representation at the parole revocation hearing but did not request that any witnesses or documents be subpoenaed.

{¶ 4} At the parole revocation hearing, Adkins, represented by appointed counsel, pled guilty to resisting arrest and failing to complete the VOA program. Adkins testified that when he was arrested on June 4, 1996, he was driving a car, and that the police found a marijuana pipe in the glove compartment of the car. His parole officer confirmed that Adkins drove the car on the day he was arrested. According to two police officers, one of the passengers in the car told them that the marijuana pipe belonged to Adkins. Adkins denied ownership of the pipe. Adkins was given the opportunity to present evidence and witnesses and to cross-examine witnesses at his parole revocation hearing.

{¶ 5} The APA concluded that Adkins committed three parole violations: resisting arrest, failing to complete the VOA program, and possessing drug paraphernalia. The APA, however, found him not guilty of having contact with his wife. As a result of its finding that Adkins had committed parole violations, the APA revoked his parole.

{¶ 6} In 1997, Adkins filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel the APA to release him on parole or, in the alternative, conduct a new parole revocation hearing. After the parties filed evidentiary statements and merit briefs, the court of appeals denied the writ.

{¶ 7} This cause is now before the court upon an appeal as of right.

————————————

*Richard Adkins, pro se.*

*Betty D. Montgomery*, Attorney General, and *Brian M. Zets*, Assistant Attorney General, for appellee.

————————————

**Per Curiam.**

**{¶ 8}** Adkins asserts in his various propositions of law that the court of appeals erred in denying the writ. For the following reasons, however, we find Adkins's contentions to be meritless.

**{¶ 9}** First, Adkins was not entitled to a writ of mandamus to compel his release from prison on parole. Habeas corpus, rather than mandamus, is the proper action for persons claiming entitlement to immediate release from prison. *State ex rel. Finfrock v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 639, 640, 687 N.E.2d 761.

**{¶ 10}** Second, the APA did not rely solely on hearsay evidence to determine that Adkins violated his parole. Two of the violations were supported by Adkins's admissions and the remaining violation was supported by testimonial evidence by Adkins, his parole officer, and two police officers.

**{¶ 11}** Third, Adkins claims that the APA could not properly consider evidence concerning the marijuana pipe because the police search of the automobile was illegal. But the APA could consider this evidence. As we have held, "[e]vidence obtained through an unreasonable or unlawful search and seizure is generally admissible in probation and/or parole revocation proceedings." See *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 661 N.E.2d 728, paragraph two of the syllabus.

**{¶ 12}** Finally, Adkins's claim that his appointed counsel was ineffective is not supported by the evidence, nor is Adkins's assertion that the APA refused his request to have certain witnesses subpoenaed. On the contrary, it was due to the efforts of his counsel that the APA found Adkins not guilty of one of the parole violations. And the only proper evidence before the court indicated that Adkins did not request any witnesses for his parole revocation hearing.[1] In any case, Adkins

---

1. By contrast, the exhibit relied on by Adkins to support his contention that he requested witnesses was not filed in accordance with the court of appeals' July 1997 order regarding filing of evidentiary statements, was not certified, as required by Loc.App.R. 12(G) of the Tenth Appellate District, and

also failed to specify the testimony of the witnesses or how this testimony would have resulted in his release on parole.  Cf. *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114 (Inmates are required to plead specific facts rather than unsupported conclusions.).

{¶ 13} The record establishes that the APA fully complied with the minimal due process requirements for parole revocation proceedings in revoking Adkins's parole.  *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.  No new parole revocation proceeding was required.  See *State ex rel. Grinnell v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 201, 580 N.E.2d 1088; *State ex rel. Stamper v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 85, 578 N.E.2d 461.

{¶ 14} Based on the foregoing, Adkins did not establish his entitlement to either release on parole or a new revocation hearing.  Accordingly, we affirm the judgment of the court of appeals denying the writ.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

appears to relate to a different parole revocation proceeding involving his domestic violence charge.  See, also, *Leal v. Mohr* (1997), 80 Ohio St.3d 171, 173, 685 N.E.2d 229, 230 (APA could properly discount unsworn statements presented at parole revocation hearing.).