This issue arises out of Petitioner's Complaint in Habeas Corpus whereby petitioner alleges he is wrongfully incarcerated by the Respondent and the State of Ohio due to an illegal and unconstitutional parole revocation hearing by the Ohio Adult Parole Authority. Petitioner alleges he received ineffective assistance of counsel during his revocation hearing.
Petitioner alleges that he received ineffective assistance of counsel in his parole revocation hearing, since the attorney assigned did not investigate the allegations in this case, the attorney was not adequately prepared to cross-examine the witnesses and the attorney induced the Petitioner into pleading guilty to the allegations and accepting a plea agreement when he was not guilty of the allegations.
Respondent alleges that Petitioner is not entitled to habeas corpus relief since he is not entitled to immediate release. Respondent notes that if Petitioner's due process rights were violated in his revocation hearing the remedy, as long as an unreasonable delay has not occurred, is a new hearing. Also Respondent feels that Petitioner had received his "due process" since the parole revocation hearing was held in compliance with the requirements of Morrissey v Brewer (1972), 408 U.S. 471.
Finally, Respondent alleges that Petitioner's complaint for habeas corpus should be dismissed since the Petitioner has failed to list the lawsuits he has filed, if any, within the last five years against a government entity or employee, in violation of R.C. 2969.25.
Petitioner's complaint for habeas corpus is without merit.
Initially we note that Petitioner has failed to attach all of his commitment papers. R.C. 2725.04(D) states as follows:
 "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be produced without impairing the efficiency of the remedy; or if the imprisonment or detention is without legal authority, such fact must appear."
See Boyd v. Money (1998), 82 Ohio St.3d 388; Johnson v. OhioParole Bd. (1997), 80 Ohio St.3d 140; Brantley v. Anderson
(1997), 77 Ohio St.3d 446; and McBroom v. Russell (1996),77 Ohio St.3d 47.
Failure to attach Petitioner's commitment papers, where available and appropriate, is reason, in and of itself, for dismissal of the request for habeas corpus relief.
Next we note that there is no absolute right to counsel in a parole revocation hearing. See Stamper v. Ohio Adult ParoleAuth. (1991), 62 Ohio St.3d 85. Counsel should be provided, where requested, when, "there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." See Gagnon v. Scarpelli
(1973), 411 U.S. 778 at 790.
In this case there was no showing of any unusual information involved nor any particular expertise involved in Petitioner's defense at the revocation hearing. The issues were not complex or difficult to develop or present. The allegation against the Petitioner was that he had inappropriate contact with a female resident of the halfway house. Petitioner pled guilty to the allegation and now alleges that he touched the victim by accident and was induced into pleading guilty by his assigned counsel. Thus, in this case, Petitioner would not have been denied his due process rights if he had not been assigned counsel. Petitioner has received his due process rights.
Also there was other evidence introduced by the parole officer who investigated the allegations. She talked to the victim, the elevator operator and other individuals who had knowledge of the incident. (See T. pg. 5). Thus there was other sufficient evidence to find that Petitioner had violated the conditions of his parole.
Respondent alleges that Petitioner is not entitled to a writ of habeas corpus since he did not attach a list of his prior civil actions to his petition, in violation of R.C. 2969.25(A).
R.C. 2969.25(A) states in relevant part:
 "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
On this issue the Respondent is in error. The statute in question does not specifically require an inmate to file an affidavit stating that he has not filed any civil actions within the last five years. If the legislature desired to require the inmate to do so, clearly they could have included that requirement within the statute.
The case cited by the Respondent is not on point. In the case of State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421
that court stated, "Zanders attached copies of these decisions to his petition but did not file an affidavit describing each civil action or appeal of a civil action he had filed in the previous five years. . .". In the Zanders case clearly the inmate had filed other civil actions within the last five years.
R.C. 2901.04 states, in part:
 "(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
Petitioner was not required to file said affidavit where there were no prior civil actions within the last five years.
Petitioner's complaint for a writ of habeas corpus is denied. Respondent's motion to dismiss is granted.
Costs taxed against Petitioner.
 ------------------------ JUDGE GENE DONOFRIO
 ------------------------ JUDGE JOSEPH J. VUKOVICH
 ------------------------ JUDGE CHERYL L. WAITE