DECISION AND JUDGMENT ENTRY
This is an original action arising out of the November 22, 1999 petition for a writ of habeas corpus filed by relator, Gregory D. Johnson.
In 1989, relator was convicted of felonious assault and sentenced to four to fifteen years imprisonment. On December 22, 1995, relator was released on parole. On December 15, 1996, the Toledo Police Department arrested relator for domestic violence.
On December 20, 1996, relator received a "Release Violation Hearing Notice." The notice alleged that relator violated "Condition of Supervision #1," which provides: "I will obey federal, state, and local laws and ordinances and regulations * * *." The notice alleged that relator assaulted his fiancé, Teena Smith.
On January 8, 1997, the parole board determined that relator violated the terms of his parole and ordered relator's parole revoked. On March 7, 1997, relator's parole was continued until the maximum expiration of his sentence, December 3, 2000.
On November 22, 1999, relator filed a petition for a writ of habeas corpus. Relator alleges that his liberty is being unlawfully restrained. Relator contends that the parole board failed to comply with the Morrissey v. Brewer (1972),408 U.S. 471, 92 S.Ct. 93, 33 L.Ed.2d 484, due process requirements and that the parole board erroneously determined that relator violated the terms of his parole. Relator's arguments can be summarized as follows: (1) relator was not given proper notice of the alleged parole violation because he initially was arrested for "domestic violence," but the parole board determined that he had "assaulted" his fiancé, and because he was given only four days notice before the final parole revocation hearing; (2) relator did not receive proper disclosure of evidence; (3) relator did not have an adequate opportunity to present witnesses and evidence; (4) relator was "forced" to accept the services of the Ohio Public Defender's Office, as opposed to counsel of his own choice, and relator did not receive effective assistance of counsel; (5) relator did not have the opportunity to confront adverse witnesses; (6) the parole board was not impartial and acted in a capricious and arbitrary manner; (7) relator did not receive a written statement of the evidence and reasons that the parole board relied upon in revoking his parole; (8) the parole board relied upon constitutionally insufficient evidence to revoke relator's parole; (9) the parole revocation process was not orderly, meaningful, or fair; (10) an unreasonable delay occurred between relator's arrest and the proper hearings; and (11) the parole officer did not lead a meaningful investigation.
As a result of the claimed due process violations that occurred during relator's parole revocation proceedings, relator "requests that his presumptive maximum release date be revised to eliminate the OAPA central office sanction of [relator's] maximum expiration date, and that [relator] be released from prison immediately subjected to the same parole supervision conditions of previous parole."
On January 7, 2000, respondent filed its "Answer/Return of Writ." Also on January 7, 2000, respondent filed a motion for summary judgment. Respondent's summary judgment motion asserts that this court must dismiss relator's petition because relator has not demonstrated that his liberty is being unlawfully restrained. In support of its argument, respondent cites the following reasons: (1) relator's maximum sentence has not expired; (2) relator does not attack the jurisdiction of the sentencing court; (3) relator failed to attach to his petition copies of his commitment papers, as R.C. 2725.04(D) requires; (4) relator failed to identify the person by whom he is confined, as R.C. 2725.04(B) requires;[1] and (5) relator has not alleged that respondent has any duty to release him from prison or to grant him parole.
On January 19, 2000, relator filed a response to respondent's motion and a cross-motion for summary judgment. Relator argues that summary judgment in respondent's favor is not appropriate. Relator asserts that: (1) his petition complies with all statutory requirements; (2) his petition clearly demonstrates that the parole board incorrectly determined that relator violated his parole; (3) his petition establishes that the parole board failed to comply with the due process requirements set forth in Morrissey v. Brewer.
Relator disagrees with respondent's contention that habeas corpus relief is limited to jurisdictional issues associated with the sentencing court. Relator argues that habeas corpus relief will lie for non-jurisdictional issues.
Relator also disagrees with respondent's argument that the failure to attach to his petition copies of his commitment papers renders his petition fatally defective. Relator asserts that commitment papers are irrelevant when challenging parole revocation proceedings. Relator asserts that a copy of the parole revocation order sufficiently complies with R.C. 2725.04(D). Further, relator argues, his failure to name the proper person by whom he is being confined is a non-fatal defect.
Civ.R. 56 governs summary judgment procedure in habeas corpus proceedings. See Palmer v. Ghee (1997), 117 Ohio App.3d 189, 194,690 N.E.2d 73, 77; Horton v. Collins (1992), 83 Ohio App.3d 287,291, 614 N.E.2d 1077, 1080; Neguse v. Collins (Aug. 31, 1998), Scioto App. No. 97 CA 2553, unreported. Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. a summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30,674 N.E.2d 1164, 1171.
In the case at bar, we find no genuine issue of material fact remains as to whether relator is entitled to habeas corpus relief.
A writ of habeas corpus is an extraordinary writ which will lie only when an individual is without an adequate remedy at law. See, e.g., Leal v. Mohr (1997), 80 Ohio St.3d 171, 172,685 N.E.2d 229, 230; State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. R.C.2725.01 establishes which persons are entitled to a writ of habeas corpus. The statute provides as follows:
 Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.
R.C. 2725.04 specifies the procedure for filing a petition for habeas corpus. The statute provides:
 Application for the writ of habeas corpus shall be by petition, signed and verified by the party for whose relief it is intended, or by some person for him, and shall specify:
 (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 (C) The place where the prisoner is so imprisoned or restrained, if known;
 (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.
We note that a petitioner seeking habeas corpus relief must state with particularity the extraordinary circumstances entitling him to such relief. State ex rel. Jackson v. McFaul
(1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746, 748. Unsupported conclusions of the petition or complaint are not considered admitted and are insufficient to withstand a motion to dismiss. Id. Moreover, habeas corpus relief will issue only if the petitioner is entitled to immediate release from confinement. Id., 73 Ohio St.3d at 188, 652 N.E.2d at 749; Pewitt v. LorainCorrectional Inst. (1992), 64 Ohio St.3d 470, 597 N.E.2d 92; see, also, R.C. 2725.17.
Generally, a writ of habeas corpus will issue only when the petition successfully attacks the jurisdiction of the sentencing court. See Jackson, 73 Ohio St.3d at 187, 652 N.E.2d at 748
(citing R.C. 2725.05). However, "habeas corpus will also lie to challenge a decision of the APA in extraordinary cases involving parole revocation."[2] Id.
We note that "[t]he revocation of parole implicates a liberty interest which cannot be denied without certain procedural protections. Morrissey v. Brewer (1972), 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484; Gagnon v. Scarpelli (1973), 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656." Jackson, 73 Ohio St.3d at 186,652 N.E.2d at 748. In Morrissey, the United States Supreme Court set forth the minimum due process protections to which parolees are entitled. A parolee is entitled to: (1) a written notice of the alleged parole violation(s); (2) the opportunity to be heard in person and to present witnesses and evidence; (3) the right to confront and cross-examine adverse witnesses; (4) a neutral and detached hearing body; and (5) a written statement issued by the fact-finding body as to the evidence relied upon and the reasons for revoking parole. Morrissey, 408 U.S. at 489, 92 S.Ct. 2593,33 L.Ed.2d 484.
The remedy for non-compliance with the Morrissey due process requirements generally is not outright release from prison. Rather, "as long as an unreasonable delay has not occurred, the remedy for noncompliance with the Morrissey parole-revocation due process requirements is a new hearing, not outright release from prison." Jackson, 73 Ohio St.3d at 188, 652 N.E.2d at 749; see, also State ex rel Carrion v. Ohio Adult Parole Auth. (1998),80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760.
We initially agree with respondent's argument that relator's failure to name the proper party as a respondent renders his petition fatally defective. R.C. 2725.04(B) requires an application for a writ of habeas corpus to specify:
 The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended.
In the case at bar, relator named the Ohio Adult Parole Authority as respondent. It is not disputed that relator presently is incarcerated at the Southern Ohio Correctional Facility. According to R.C. 2725.04(B), the proper party to the action is the warden of the Southern Ohio Correctional Facility. Thus, relator's failure to name the proper party is sufficient reason to dismiss the instant petition. See Sellers v. State (Oct. 15, 1999), Trumbull App. 99-T-0117, unreported (stating that failure to name and join the proper party, i.e. the jailer or warden of the facility in which the petitioner is being detained, as a respondent warrants the dismissal of a habeas corpus petition);State ex rel. Drake v. Fuerst (May 20, 1999), Cuyahoga App. No. 76001, unreported; State ex rel. Russell v. Montgomery (Mar. 29, 1999), Ross App. No. 98 CA 2471, unreported.
Moreover, we agree with respondent that a prisoner has no constitutional or statutory right to be conditionally released from prison, prior to the expiration of his sentence. See Stateex rel. Recker v. Leonard (2000), 88 Ohio St.3d 223, ___ N.E.2d ___; State ex rel. Vaughn v. Ohio Adult Parole Auth. (1999),85 Ohio St.3d 378, 379, 708 N.E.2d 720, 721. Relator's maximum sentence does not expire until December 3, 2000, and relator has no constitutional or statutory right to be considered for earlier release.[3]
Furthermore, our review of the record reveals that relator was afforded a hearing that complied with the Morrissey due process requirements.
Relator's argument that he did not receive proper notice of the alleged violation because the initial notice differed from the offense the board ultimately charged him with is without merit. The offense of domestic violence[4] does not substantially differ from the offense of assault,[5] and we believe relator was given adequate notice of the alleged violation. Moreover, relator was advised of the fact underlying the alleged violation.
The record belies relator's arguments that he did not receive proper disclosure of evidence and that he did not have an adequate opportunity to present witnesses and evidence. Relator claims that two witnesses would have helped to prove that the allegation was unfounded. Relator has not sufficiently substantiated how the two missing witnesses' testimony would have impacted his defense. We again note that unsupported conclusions of a petition are insufficient to withstand a dismissal of the petition. See Jackson, supra. Additionally, we note that the parole board was presented with substantial evidence that relator violated his parole. At the hearing, the investigating officers stated that they saw the victim's injuries and that the victim originally reported relator as her attacker, although she recanted her story at the parole violation hearing.
Relator's argument that he did not have an opportunity to confront adverse witnesses is likewise without merit. Relator states that although he confronted the witnesses, he confronted them under the impression that the charge was domestic violence, not assault. Regardless of the charge, however, relator had the opportunity to question the witnesses as to the facts underlying the charge.
The record disproves relator's claim that he was not provided with a written statement as to the evidence relied upon and the reason for revoking his parole. Relator attached to his petition a "Notice of Findings of Release Violation Hearing" which outlines the evidence relied upon in revoking relator's probation.
We further disagree with relator's argument that he is entitled to release from prison due to the board's refusal to allow relator the counsel of his choice. A parolee generally has no right to counsel during parole revocation proceedings. See Stateex rel. Stamper v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 85,87-88, 578 N.E.2d 461, 463. Counsel may be required if the proceedings involve "substantial, complex, or difficult factors."Id. In the case at bar, relator has not alleged that the parole revocation proceedings involved substantial, complex, or difficult factors.
Moreover, relator's claim that he received ineffective assistance of counsel during the parole revocation proceedings is without merit. Because a parolee has no right to counsel during such proceedings, a parolee has no basis upon which to assert an ineffective assistance claim.
Relator's arguments that the parole board was not impartial and failed to afford him an opportunity to be heard are without merit. No evidence appears in the record that the parole board failed to afford relator a fair and impartial hearing. Moreover, we find no evidence in the record to support relator's argument that the parole revocation process was not orderly, meaningful, or fair.
Relator further argues that the parole board did not rely upon constitutionally sufficient evidence in revoking his parole. We disagree with relator. As stated above, the parole board was presented with substantial evidence that relator violated his parole.
Additionally, we note that any due process violations that may have occurred during relator's parole revocation proceedings do not necessarily entitle relator to outright, immediate release from prison. As the court stated in Jackson, supra, "as long as an unreasonable delay has not occurred, the remedy for noncompliance with the Morrissey parole-revocation due process requirements is a new hearing, not outright release from prison." We find no unreasonable delay. Approximately two and one-half months elapsed between the time relator was taken into custody and the time when the final revocation hearing was held.
Relator appears to argue, nevertheless, that he has yet to be afforded a proper hearing, and as such, an unreasonable delay has occurred. The "unreasonable delay" mentioned, however, refers to the period between the time the petitioner is taken into custody and the time that the revocation hearing commences. See, generally, Morrissey v. Brewer (1972), 408 U.S. 471, 488,92 S.Ct. 2593, 2603-2604, 33 L.Ed.2d 484, 498 (stating that a parole "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody"); State ex rel. Taylorv. Ohio Adult Parole Auth. (1993), 66 Ohio St.3d 121, 123,609 N.E.2d 546, 548; Coleman v. Stobbs (1986), 23 Ohio St.3d 137,491 N.E.2d 1126, syllabus. Thus, we find no merit to relator's argument that an unreasonable delay has occurred.
Finally, we note that on January 10, 2000, relator filed a prose "Pleading Petition for Counsel Representation." Relator requests this court to appoint counsel for relator for purposes of the present matter. We decline to do so. A habeas corpus petitioner has no constitutional right to counsel. See, generally, State v. Parsley (May 17, 1978), Hamilton App. No. C-77250, unreported.
In conclusion, we agree with respondent that no genuine issue of material fact remains as to whether relator is entitled to habeas corpus relief. Relator has failed to establish that his liberty is being unlawfully restrained and that he is entitled to immediate release from prison. Accordingly, we grant respondent's motion for summary judgment and overrule relator's motion for summary judgment. All remaining motions are rendered moot.
WRIT DISMISSED. Costs taxed to relator.
Harsha, J. Kline, P.J.: Concur in Judgment Only
 ____________________________________ Peter B. Abele, Administrative Judge
The Clerk of Courts is directed to mail a copy of this Decision and Judgment Entry to all counsel by regular U.S. mail and to relator by certified mail, return receipt requested.
[1] In "Respondent's Answer/Return of Writ," respondent notes that the Ohio Adult Parole Authority does not have relator in its custody. Rather, Harold Carter, the warden of the Southern Ohio Correctional Facility, currently has relator in his custody and is the proper respondent.
[2] Thus, we disagree with respondent's argument set forth in its motion for summary judgment that we must dismiss relator's petition for failure to attack the jurisdiction of the sentencing court. In Jackson, 73 Ohio St.3d at 186, 652 N.E.2d at 748, the court held: "habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only when there is no adequate legal remedy, e.g., appeal or postconviction relief."
[3] We note our disagreement with respondent's remaining argument that relator's failure to attach his commitment papers to his petition renders the petition fatally defective. While we agree with respondent's argument as a general proposition, seeBloss v. Rogers (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602,602, we do not believe that the rule applies to the case at bar. In State ex rel. Crigger v. Ohio Adult Parole Auth. (1998),82 Ohio St.3d 270, 272, 695 N.E.2d 254, 256, the Ohio Supreme Court recognized that a copy of the commitment papers may not be necessary when the petition relates solely to the parole revocation proceedings. When the petition relates solely to the parole revocation proceedings, a copy of the parole revocation order generally is sufficient to comply with R.C. 2725.04(D). See, generally, Crigger; State ex rel. Morris v. Leonard (1999),86 Ohio St.3d 624, 625, 716 N.E.2d 208, 209.
[4] R.C. 2919.25 sets forth the elements of the offense of domestic violence and provides, in relevant part, as follows:
 (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 (B) No person shall recklessly cause serious physical harm to a family or household member.
 (C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.
[5] R.C. 2903.12 sets forth the offense of assault and provides, in relevant part, as follows:
 (A) No person shall knowingly cause or attempt to cause physical harm to another * * *.
 (B) No person shall recklessly cause serious physical harm to another * * *.