[Cite as *Bouska v. Bradshaw*, 2017-Ohio-802.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| RICHARD BOUSKA | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Petitioner | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16CA53 |
| MARGARET BRADSHAW, WARDEN | : |  |
|  | : |  |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Habeas Corpus - Judicial Sanction

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     March 6, 2017

APPEARANCES:

For Petitioner

RICHARD BOUSKA #673-652
Richland Correctional Inst.
Box 8107
1001 Olivesburg Road

For Respondent

JERRI L. FOSNAUGHT
Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, OH 43215

*Gwin, P.J.*

{¶1}    Petitioner, Richard Bouska, has filed a Petition for Writ of Habeas Corpus arguing he is entitled to release from prison.  Respondent in turn filed a Motion to Dismiss for failure to state a claim upon which relief may be granted.

{¶2}    Bouska was convicted in the Cuyahoga County Court of Common Pleas of several felony offenses.  The Cuyahoga County Court sentenced Bouska to 12 months each on four counts and six months on one count.  The sentences were ordered served concurrent to one another for an aggregate sentence of 12 months.

{¶3}    It is undisputed that Bouska was on post-release control at the time the Cuyahoga County offenses were committed.  Bouska was on post-release control due to an earlier conviction and prison sentence out of the Lorain County Court of Common Pleas.

{¶4}    At the time of his sentencing, the Cuyahoga Court terminated Bouska's post release control and imposed two additional years in prison as a judicial sanction for committing new offenses while on post-release control.  The two year judicial sanction was ordered to be served consecutive to the 12 months for the new offenses for a total period of three years of incarceration.

{¶5}    Ten months after the sentence was imposed in Cuyahoga County, Bouska filed a motion to vacate his post release control supervision with the Lorain County Court of Common Pleas.  The Lorain County Court granted the motion without explanation.  We have not been provided with a copy of the motion, so we are unable to deduce the Lorain County Court's reasoning.

{¶6} Petitioner argues the Cuyahoga County two year judicial sanction is void because Petitioner's post-release control was vacated by Lorain County.

{¶7} Habeas corpus, like other extraordinary writs, is not available when there is an adequate remedy at law. *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995); *Luchene v. Wagner,* 12 Ohio St.3d 37, 39, 465 N.E.2d 395 (1984).

{¶8} It is undisputed that Petitioner was on post-release control at the time the Cuyahoga County Court imposed the judicial sanction. Petitioner has or had an adequate remedy at law by way of appeal, petition for post-conviction relief, or motion to withdraw his guilty plea.

{¶9} In a case very similar to the instant case, the Fourth District found, "Whether the trial court in [the second case] properly sentenced Petitioner is not determinative in deciding the availability of a writ of habeas corpus. Although Petitioner claims that the court lacked jurisdiction to sentence him to a prison term, he has mistaken the alleged impropriety of the trial court's judgment for lack of jurisdiction. Furthermore, direct appeal or post-conviction relief are the proper avenues to address such alleged errors in sentencing. *Womack v. Warden,* 7th Dist. No. 04 BE 58, 2005-Ohio-1344, at ¶ 4." *Young v. Brunsman*, 2008-Ohio-64, ¶ 20 (4th Dist. Ross). See also *State v. Grimes*, 2015-Ohio-3497, ¶ 3 (5th Dist. Muskingum), *appeal allowed,* 145 Ohio St.3d 1407, 2016-Ohio-899, 46 N.E.3d 702, ¶ 3 (2016) wherein the Appellant utilized a motion to vacate judicial sanction to obtain review of the judicial sanction imposed pursuant to a void term of post release control.

{¶10} Because an adequate remedy at law exists or existed, a writ of habeas corpus does not lie. We therefore decline to issue the writ and grant the motion to dismiss.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur