THE STATE EX REL. SPANN, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *State ex rel. Spann v. Mitchell* (1998), 82 Ohio St.3d 416.]

(No. 98–58—Submitted June 24, 1998—Decided July 29, 1998.)

*Albert Spann, pro se.*

***Per Curiam.*** Spann asserts in his propositions of law that the court of appeals erred in dismissing his habeas corpus petition.

For the reasons that follow, however, we reject Spann's assertions and affirm the judgment of the court of appeals. First, as the court of appeals held, *Kellogg* is inapplicable here because Spann received a revocation hearing. See *Kellogg,* 46 F.3d at 509. Second, there is no ten-day or sixty-day rule entitling parolees to habeas corpus relief upon expiration of such period; instead, the applicable test is whether there has been an unreasonable delay in holding a parole-revocation hearing. See *Seebeck v. Zent* (1993), 68 Ohio St.3d 109, 111, 623 N.E.2d 1195, 1197. Finally, "[a]s long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison." *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. Spann failed to allege sufficient facts establishing prejudice. He alleged neither the nature of his witnesses' testimony, the reasons why this testimony was no longer available to him, nor the parole violation charges they would have refuted.

Based on the foregoing, the court of appeals properly dismissed Spann's petition. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.