[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 416.]

THE STATE EX REL. SPANN, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *State ex rel. Spann v. Mitchell*, 1998-Ohio-217.]

*Habeas corpus to compel relator's release from prison—Petition dismissed, when.*

(No. 98-58—Submitted June 24, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Trumbull County, No. 97-T-0102.

———————————

{¶ 1} In 1995, following a hearing, appellee Ohio Adult Parole Authority ("APA"), revoked the parole of appellant, Albert Spann.

{¶ 2} In 1997, Spann filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus to compel his release from prison. Spann claimed that under *Kellogg v. Shoemaker* (C.A.6, 1995), 46 F.3d 503, the APA had improperly applied newly enacted administrative rules concerning parole revocation. Spann further contended that the APA had failed to comply with the minimum due process requirements for parole-revocation proceedings set forth in *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. Appellees, the APA and Spann's prison warden, filed a motion to dismiss, and Spann filed a motion for leave to amend his petition. In his motion for leave to amend, Spann asserted in a conclusory fashion that he was prejudiced by the APA's failure to conduct a proper parole revocation hearing within a reasonable time because "[t]he following witness[es] are no longer available to give testimony in defense, or mitigation." Spann, however, did not indicate the witnesses' names, the nature of their testimony, or the parole violation charges they would have allegedly refuted.

{¶ 3} The court of appeals granted appellees' motion and dismissed the petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

––––––––––––––––––

*Albert Spann, pro se*.

––––––––––––––––––

**Per Curiam.**

{¶ **5**} Spann asserts in his propositions of law that the court of appeals erred in dismissing his habeas corpus petition.

{¶ **6**} For the reasons that follow, however, we reject Spann's assertions and affirm the judgment of the court of appeals. First, as the court of appeals held, *Kellogg* is inapplicable here because Spann received a revocation hearing. See *Kellogg*, 46 F.3d at 509. Second, there is no ten-day or sixty-day rule entitling parolees to habeas corpus relief upon expiration of such period; instead, the applicable test is whether there has been an unreasonable delay in holding a parole-revocation hearing. See *Seebeck v. Zent* (1993), 68 Ohio St.3d 109, 111, 623 N.E.2d 1195, 1197. Finally, "[a]s long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison." *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. Spann failed to allege sufficient facts establishing prejudice. He alleged neither the nature of his witnesses' testimony, the reasons why this testimony was no longer available to him, nor the parole violation charges they would have refuted.

{¶ **7**} Based on the foregoing, the court of appeals properly dismissed Spann's petition. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––