**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 208.]**

THE STATE EX REL. JOHNSON, APPELLANT, *v.* OHIO ADULT PAROLE

AUTHORITY, APPELLEE.

[Cite as *State ex rel. Johnson v. Ohio Adult Parole Auth.*, 2000-Ohio-61.]

*Habeas corpus to compel petitioner's release from prison—Denial of petition*
  *affirmed, when.*

(No. 00-778—Submitted September 27, 2000—Decided October 25, 2000.)

APPEAL from the Court of Appeals for Scioto County, No. 99CA2678.

_____

{¶ 1} In 1989, appellant, Gregory Johnson, was convicted of felonious assault and sentenced to a prison term of four to fifteen years. After being paroled on December 22, 1995, Johnson was arrested and charged with domestic violence for assaulting his pregnant fiancée, Teena Smith, in December 1996.

{¶ 2} On December 19, 1996, appellee, the Ohio Adult Parole Authority ("APA"), through Johnson's parole officer, sent Johnson written notification that a hearing would be held on January 8, 1997, to determine whether he had violated his parole and, if so, whether his parole should be revoked. The APA alleged that Johnson had violated his parole by assaulting Smith.

{¶ 3} On January 8, 1997, an APA hearing officer conducted a parole revocation hearing in which Johnson was represented by appointed counsel. Toledo Police Officer Richard Trevino testified that on December 15, 1996, he responded to a domestic violence call and that Smith, who was "excited" and "in a state of disarray," told him that she had been beaten by Johnson after they had argued about infidelity. Officer Dorothy Hayes testified that she observed welts on Smith's body, that Smith was in obvious pain, and that Smith advised her that Johnson had beaten her with an extension cord. According to Smith's testimony, Johnson had not assaulted her and she had reported otherwise to the police because

she was mad at him for cheating on her. Johnson claimed that he had been at another residence working on cars on the date of the alleged assault.

{¶ 4} Following the hearing, the APA concluded that Johnson had committed the charged parole violation by assaulting Smith and revoked his parole. In March 1997, the Ohio Parole Board decided that due to the serious nature of his parole violation, Johnson should remain in prison until the expiration of his sentence.

{¶ 5} In November 1999, nearly three years after the APA revoked his parole, Johnson filed a petition in the Court of Appeals for Scioto County for a writ of habeas corpus to compel his immediate release from prison on the terms of his previous parole. Johnson claimed that his parole revocation was void because the APA failed to comply with the due process requirements set forth in *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. In his petition, Johnson specifically named the warden of his prison as one of the officers confining him. The APA filed an answer and a motion for summary judgment, and Johnson filed a motion to compel discovery.

{¶ 6} In March 2000, the court of appeals granted the APA's motion and denied the writ. The court of appeals held that Johnson failed to comply with R.C. 2725.04(B) because he had not named his prison warden as a respondent and that Johnson had been given a parole revocation hearing that complied with the *Morrissey* due process requirements.

{¶ 7} This cause is now before the court upon an appeal as of right.

―――――――――――――

*Gregory D. Johnson, pro se.*

―――――――――――――

**Per Curiam.**

{¶ 8} Johnson asserts that the court of appeals erred in denying the writ. We first agree with Johnson that the court of appeals erred in concluding that he failed

to comply with R.C. 2725.04(B) because he did not specify "[t]he officer, or name of the person by whom [he] is * * * confined or restrained." Johnson's petition *did* identify his prison warden.

{¶ 9} Nevertheless, the court of appeals correctly denied the writ. See *State ex rel. Gilmore v. Mitchell* (1999), 86 Ohio St.3d 302, 303, 714 N.E.2d 925, 926 ("we will not reverse a correct judgment merely because of an erroneous rationale"). Johnson's habeas corpus claims, which challenge the constitutionality of his parole revocation, are devoid of merit.

{¶ 10} " 'As long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison.' " *State ex rel. Spann v. Mitchell* (1998), 82 Ohio St.3d 416, 417, 696 N.E.2d 589, 590, quoting *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. "[U]nder the applicable test for unreasonable delay, prejudice receives substantial emphasis, and * * * the most serious component of prejudice is the possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing." *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 272, 695 N.E.2d 254, 256.

{¶ 11} Although Johnson contends that several witnesses are no longer available to testify at a revocation hearing, some of these witnesses either already testified at the revocation hearing (Smith) or, in the case of Johnson's relatives, he never requested that they be made witnesses or stated in his petition what they would testify about.

{¶ 12} Furthermore, regarding two additional witnesses, including a claimed alibi witness, who were allegedly requested as witnesses at the revocation hearing by Johnson, Johnson never signed the request for these witnesses, he did not include the address for one of the prospective witnesses on the request form, and he advised his attorney and the hearing officer at his revocation hearing that

these persons would be harder to contact because they were "street people." Therefore, it appears unlikely that these witnesses would have attended the revocation hearing.

{¶ 13} Moreover, Jackson does not allege why he could not have obtained affidavits in lieu of testimony from these witnesses. *Crigger*, 82 Ohio St.3d at 272-273, 695 N.E.2d at 256; see *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656, 662, fn. 5 (substitutes for live testimony, where appropriate, are not prohibited by *Morrissey*); see, generally, 2 Cohen, The Law of Probation and Parole (2 Ed.1999) 21-40, Section 21:26 ("Irrespective of the nature of a witness's testimony, it is often held that the Constitution does not entitle an indigent probationer or parolee to receive public funds to transport the witness to the site of the final revocation hearing"). In fact, two documents purporting to be statements of these witnesses were attached to Johnson's petition, although they contain neither the witnesses' signatures nor notary stamps. There is no allegation why actual affidavits could not have been produced for the hearing.

{¶ 14} Johnson consequently failed to allege prejudice with the required factual specificity to warrant extraordinary relief in habeas corpus. *Crigger*, *Spann*, and *Jackson*.

{¶ 15} In addition, the record establishes that the APA complied with the constitutional due process requirements for parole revocation proceedings in revoking Johnson's parole. We note that many of Johnson's *Morrissey* claims rely on the erroneous assumption that the APA was required to conduct two revocation hearings, a preliminary one and a final one. Under Ohio Adm.Code 5120:1-1-18, only one parole revocation hearing is required. Consolidating the preliminary and final revocation hearings mentioned in *Morrissey* into a single proceeding is constitutionally permissible. *Ellis v. Dist. of Columbia* (C.A.D.C.1996), 318 U.S.App.D.C. 39, 50, 84 F.3d 1413, 1424; see, also, 2 Cohen at 25-24-16, Section 25:12. Furthermore, Smith's statements to the officers were admissible hearsay

4

under Evid.R. 803(2), and even if they were not, hearsay is admissible in revocation proceedings. *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 16, 577 N.E.2d 352, 355.

{¶ 16} Finally, the court of appeals did not err in refusing discovery to Johnson for his habeas corpus proceeding. Discovery is not always required in habeas corpus proceedings; R.C. Chapter 2725 prescribes a basic, summary procedure for bringing habeas corpus actions. *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382-383, 667 N.E.2d 1194, 1197. Discovery was not required for Johnson's meritless action.

{¶ 17} Based on the foregoing, Johnson is not entitled to the requested writ of habeas corpus, and the court of appeals properly denied the writ. We affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––––

––––––––––––––––––––

1. Our holding renders the APA's motion to strike Johnson's amended brief moot. We also deny Johnson's motions for discovery, default judgment, and the appointment of counsel. Civ.R. 34 and 55 do not apply to appeals, and Johnson does not have a constitutional right to appointed counsel in these proceedings. Civ.R. 1(C)(1); see, also, *Gaskins*, 76 Ohio St.3d at 382, 667 N.E.2d at 1196; *Wright v. Eckle* (Madison App.1957), 76 Ohio Law Abs. 323, 146 N.E.2d 890; *State ex rel. Jackson v. McManamon* (1999), 86 Ohio St.3d 1434, 713 N.E.2d 1047. In addition, although the APA failed to file a timely merit brief, we need not reverse the judgment of the court of appeals pursuant to S.Ct.Prac.R. VI(7) because Johnson's brief does not reasonably appear to sustain reversal.