**[Cite as *State ex rel. Mango v. Dept. of Rehab. & Corr.*, 2019-Ohio-4774.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Raymond Mango, | : | |
| Relator, | : | |
| v. | : | No. 18AP-945 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on November 21, 2019

**On brief:** *Raymond Mango,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *Christine E. Mahy,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} In this original action, relator, Raymond Mango, requests a writ of mandamus ordering respondent, Ohio Adult Parole Revocation Hearing Committee, a subdivision of Ohio Department of Rehabilitation and Correction ("respondent"), to reinstate his parole or grant him a new revocation hearing with counsel and his witness present. Respondent filed a motion to dismiss.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondent's motion to dismiss and dismiss this action.

No. 18AP-945                                                                2

## I.  Relator's Objections

{¶ 3}    Beyond the 14-day timeline outlined in Civ.R. 53, but with leave of this court, relator filed a motion in opposition of the magistrate's recommendation to dismiss, which we construe as objections to the magistrate's decision.  Relator objects to the magistrate's recommendation and states that such recommendation "[1] is in fact 'contrary' to the complaint within the submitted 'Mandamus' [and] [2] shows no merits (legally) why such Mandamus should be 'dismissed' in favor of the Respondents."  (Relator's Mot. in Opp. of Magistrate's Recommendation at 2.)  In support, relator argues: (1) the magistrate erred in finding that relator was provided the opportunity to cross-examine witnesses and in not ordering respondent to vacate its finding that relator violated his parole by causing or attempting to cause physical harm to Gwendolyn Jarrett because: (a) respondent relied on hearsay evidence submitted by police officers, (b) Jarrett told the investigating detective she lied to the arresting officers because she was upset with relator as he was trying to break up with her, (c) relator was never charged with domestic violence in a court of law, and (d) Jarrett was not given an opportunity to be present at the parole hearing; (2) the magistrate erred in not ordering respondent to vacate its finding that relator violated his parole by failing to comply with respondent's special condition that he not change his residence without prior approval from respondent because: (a) respondent never addressed the same at the hearing, (b) respondent relied on hearsay evidence submitted by police officers, and (c) relator's sister now presents an affidavit to support a finding that relator never changed his residence; and (3) the magistrate erred in not ordering respondent to hold a new evidentiary hearing.

{¶ 4}    In *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), the court outlined the criteria for granting a motion to dismiss for failure to state a claim in a mandamus complaint:

> A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Assn. for the Defense of the Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293. Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment. Civ.R. 12(B); *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384. Even then, only certain forms of evidence may be submitted to support the motion. Civ.R. 56(C).

The standard for reviewing the sufficiency of a mandamus complaint was stated in *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 223-224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785:

"In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted. *Jenkins v. McKeithen* (1969), 395 U.S. 411, 421 [89 S.Ct. 1843, 1849, 23 L.Ed.2d 404, 416]. [All reasonable inferences must also be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756; *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589.] Then, before the court may dismiss the complaint, '* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *' *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242 [71 O.O.2d 223, 327 N.E.2d 753].

"In order to establish a claim in mandamus, it must be proved that there exists a clear legal duty to act on the part of a public officer or agency, and that the relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St.2d 141 [40 O.O.2d 141, 228 N.E.2d 631], paragraph one of the syllabus. A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted."

*Accord State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80-81, 537 N.E.2d 641, 644-645, and *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 96-97, 563 N.E.2d 713, 715-716.

{¶ 5} Furthermore, under Civ.R. 12(B)(6), a respondent is not permitted to support its motion to dismiss for failure to state a claim by relying on anything outside the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 96 (1995). Here, respondent did exactly that by pointing not only to the complaint but also to documents which relator attached to his complaint to support the motion to dismiss. Likewise, the magistrate relied on the complaint and attached documents to make findings of fact and conclusions of law.

{¶ 6} The Supreme Court of Ohio has stated that material incorporated into a complaint may be considered as part of the complaint for purposes of determining a Civ.R.

12(B)(6) motion to dismiss. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995); *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249 (1997). However, recently, in *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, the Supreme Court also stated "[a] court is not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint." *Id.* at ¶ 10. The Supreme Court further cautioned courts to refrain, at the motion-to-dismiss stage, from weighing the facts, making inferences against the non-moving party and rejecting a relator's allegations as false. *Id.* at ¶ 11. Finally, the court stated that a Civ.R. 12(B)(6) dismissal based on the merits is unusual and should be granted with caution.

{¶ 7} With this in mind, after carefully reviewing the documents[1] attached to the complaint, we cannot determine relator failed to state a claim without weighing the evidence and drawing inferences against relator.

{¶ 8} First, we address relator's objection to the magistrate's dismissal of his claim that he was not provided the opportunity to cross-examine witnesses because Jarrett was not subpoenaed (whether by his counsel or respondent). The magistrate found Jarrett was subpoenaed, the subpoena was hand-delivered to her address, and Jarrett did not appear. (Appended Mag. Dec. at ¶ 16, 18, 33-34.) The magistrate acknowledged, however, that relator submitted with his complaint a letter from Jarrett stating that she never received notice of the hearing and that the letter "is contradicted by the evidence which demonstrates otherwise." (Appended Mag. Dec. at ¶ 34.) The existence of contradictory evidence in the complaint and attachments thereto, necessarily required a weighing of the evidence to make the findings noted above. Such weighing is not permitted at the motion-to-dismiss stage. Accordingly, we sustain relator's objection as to this claim.

{¶ 9} Second, we address relator's objection to the magistrate's dismissal of his claim that respondent relied on hearsay to find that he violated the address rule. In support of his argument, relator points to *State ex rel. Hines v. Ohio Parole Bd.*, 10th Dist. No. 95APE05-623 (Dec. 5, 1995). In *Hines*, this court held that "hearsay is not, under the due process guarantees set forth in *Morrissey* [*v. Brewer*, 408 U.S. 471 (1972)], necessarily inadmissible as it would be in a fully formalized criminal prosecution at trial." In *Hines*,

---

[1] The documents included, among other things, a copy of a subpoena sent to Jarrett, a notice of findings of release violation hearing, a revocation order, a sanction receipt, and a police narrative.

this court further held that "in most cases hearsay cannot form the sole basis for revocation of parole." *Id.*, citing *Columbus v. Lacy*, 46 Ohio App.3d 161 (10th Dist.1988).

{¶ 10}  The magistrate found that one of two police officers was present to testify and his bodycam video was introduced into evidence.  (Appended Mag. Dec. at ¶ 18.)  The magistrate concluded the police officer "*testified*[2] not only to the statements Jarrett made to him, but also to his observations."  (Emphasis added.)  (Appended Mag. Dec. at ¶ 36.) However, although the police narrative attached to the complaint suggests what the officer's testimony might have been and what the bodycam video might depict, it cannot be conclusively determined without a transcript, stipulated minutes or other evidence from the administrative record or an App.R. 9(C) statement addressing the same.  Furthermore, even if we were to accept that the officer testified to his observations as the police narrative suggests, such testimony, at this motion-to-dismiss stage, would not necessarily support a finding that relator violated the order not to change his residence without prior approval of respondent.  The complaint and police narrative state that relator was trying to retrieve his property, get his clothes which Jarrett had washed, and that relator and Jarrett had been living together at this address for one and one-half years.  But there was no indication that an address other than Jarrett's was previously on record with respondent.  Accordingly, we sustain relator's objection as to this claim.

## II. Conclusion

{¶ 11} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate erred in determining the pertinent facts and conclusions of law.  We, therefore, sustain relator's objections to the magistrate's decision.  Accordingly, we remand this action and motion to the magistrate for further proceedings[3] consistent with law and this decision.

*Objections sustained;*
*action remanded to magistrate.*

SADLER and BRUNNER, JJ., concur.

———————

[2] Respondent argued the officers who were subpoenaed "*would have been able* to testify to their first-hand observations that Relator had been residing with Jarrett." (Emphasis added.) (Respondent's Mot. to Dis. at 8.)

[3] In the motion to dismiss, respondent argued another reason for dismissal which the magistrate did not address, that relator's petition should have been brought as a habeas corpus petition. The magistrate may consider this argument on remand.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Raymond Mango, | : | |
| Relator, | : | |
| v. | : | No. 18AP-945 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 21, 2019

*Raymond Mango,* pro se.

*Dave Yost,* Attorney General, and *Christine E. Mahy,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 12} Relator, Raymond Mango, has filed this original action requesting this court issue a writ of mandamus ordering respondent, the Ohio Adult Parole Revocation Hearing Committee, a subdivision of the Ohio Department of Rehabilitation and Correction ("respondent") to reinstate his parole or grant him a new revocation hearing with counsel and his requested witness present.

Findings of Fact:

{¶ 13} 1. Relator is an inmate currently incarcerated at the Marion Correctional Institution.

{¶ 14} 2. On March 28, 2018, while on parole, police were dispatched to 7604 Sagamore because of a male needing assistance retrieving property. Upon arrival, relator indicated that he and his girlfriend had "got into it" earlier in the day and he simply wanted to grab his clothes and leave. The officers knocked on the door and spoke with Gwendolyn Jarrett who immediately informed police she would not allow relator to come inside and indicated that he had hit her. The police noticed what appeared to be the beginnings of a small contusion on her lip and minor swelling on the side of her face. Initially, relator insisted he did not touch Jarrett; however, he ultimately admitted he pushed her. At that time, relator was placed in handcuffs. Jarrett came outside, indicated she did not want relator to go back to jail, and stated she had fallen down the stairs. Relator was taken into custody.

{¶ 15} 3. A revocation hearing was scheduled for May 2, 2018.

{¶ 16} 4. Jarrett was subpoenaed to testify at the hearing and the subpoena was hand-delivered to her address on April 23, 2018.

{¶ 17} 5. At the hearing, relator was charged with the following violations:

> RULE 1 Count 1: On or about 3/28/2018, in the vicinity of Cleveland, Ohio, you caused or attempted to cause physical harm to Gwendolyn Jarrett.
>
> RULE 2 Count 1: On or about 3/28/2018, you failed to comply with a verbal order issued by your Supervising Officer instructing you to have no contact with Gwendolyn Jarrett.
>
> RULE 8 Count 1: On or about 3/28/2018, you failed to comply with a Parole Board special condition ordering you to have no change at residence without prior approval from the Board.

{¶ 18} 6. Jarrett did not appear to testify. One of the two police officers appeared to testify and his bodycam video was introduced into evidence.

{¶ 19} 7. Relator was represented by counsel. Following the hearing, relator was found guilty of rule one, causing or attempting to cause physical harm to Jarrett, and rule eight, failure to comply with the condition ordering him to have no change in residence without prior approval from the board, and not guilty of rule two. Relator's parole was revoked and he was ordered to serve an additional 36 months incarceration.

{¶ 20} 8. Relator submitted an appeal to the adult parole authority.

{¶ 21} 9. In a letter dated September 20, 2018, David Lomax, chief hearing officer for the Ohio Parole Board, responded:

I have reviewed the hearing material for your case and note that you received a full revocation hearing on or about May 2, 2018. During the hearing you were represented by counsel and was provided an opportunity to present evidence and cross examine witnesses. The Hearing Officer determined revocation of your parole was warranted and the Ohio Parole Board concurred. The decision of the hearing officer is final unless there is case dispositive or prejudicial error. I have concluded that no such error exists in this matter.

{¶ 22} 10. On December 10, 2018, relator filed this mandamus action arguing that he was not represented by counsel, not permitted to cross-examine the witness against him, and that his parole was revoked solely on the basis of hearsay.

{¶ 23} 11. On January 11, 2019, respondent filed a motion to dismiss.

{¶ 24} 12. On February 1, 2019, relator filed a reply in opposition to the motion to dismiss.

{¶ 25} 13. On February 8, 2019, respondent replied to relator's response.

{¶ 26} 14. On February 27, 2019, relator filed an additional motion in response.

{¶ 27} 15. The matter is currently before the magistrate.

Conclusions of Law:

{¶ 28} For the reasons that follow, it is this magistrate's decision that relator has not demonstrated that he is entitled to a writ of mandamus, and this court should deny his request for same.

{¶ 29} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 30} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 31} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants*

*Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 32} There are six minimum due process rights guaranteed by the 14th amendment for parole revocation hearings. They include:

> (a) written notice of the claimed violations of parole;
> (b) disclosure to the parolee of evidence against him;
> (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *** *Id.* 408 U.S. at 488-489.

*Wilkins v. Wilkinson,* 10th Dist. No. 01AP-468 (Jan. 15 2002), quoting *Morrissey v. Brewer,* 408 U.S. 471 (1972).

{¶ 33} Relator's first complaint involved counsel. Initially, relator appears to argue he was denied the right to be represented by counsel; however, relator actually argues that counsel was ineffective for not subpoenaing Jarrett to attend the hearing. However, as stated in the findings of fact, Jarrett was in fact subpoenaed to appear at his parole revocation hearing. As such, to the extent that relator contends that counsel was ineffective for failing to subpoena or otherwise interview Jarrett, that argument lacks merit.

{¶ 34} Relator also asserts he was denied his right to examine the witness and confront his accusers. Relator is guaranteed the opportunity to present witnesses. Here, Jarrett was subpoenaed to attend the hearing. The subpoena was hand-delivered to her address at 7604 Sagamore Road, Cleveland, Ohio. An examination of the police report from the day in question identifies the same address as Jarrett's residence. Although relator submitted a letter from Jarrett stating that she never received notice of the hearing, that is contradicted by the evidence which demonstrates otherwise.

{¶ 35} Lastly, relator contends that this parole was revoked solely on hearsay evidence and cites this court's decision in *State ex rel. Hines v. Ohio Parole Bd.,* 75 Ohio St.3d 1494 (1996)  In *Hines*, this court reiterated that, the revocation of parole based exclusively upon hearsay evidence is impermissible.  However, the magistrate finds that relator has not demonstrated that his due process rights were violated here.

{¶ 36} One of the police officers who responded to Jarrett's address on March 28, 2018 testified not only to the statements Jarrett made to him, but also to his observations. As noted in the findings of fact, the officer observed an abrasion on Jarrett's lip which was beginning to swell, as well as swelling on the side of her face.  Further, the bodycam video was submitted for the parole board to review.  As such, in finding that relator violated rule one, the parole board had more than just hearsay evidence before it.  Additionally, relator ultimately admitted that he pushed Jarrett.  Furthermore, relator was also found to have violated rule eight and that he failed to comply with the requirement of having no change of residence without prior approval.  Relator himself told the police that he was keeping his clothes at Jarrett's residence.

{¶ 37} Based on the foregoing, it is this magistrate's decision that respondent's motion to dismiss should be granted. Furthermore, inasmuch as relator has failed to prevail, this court should order the clerk to make periodic deductions from his inmate account to pay the costs of this action.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).