[Cite as *State ex rel. Mango v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-1314.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Raymond Mango, | : | |
| Relator, | : | |
| v. | : | No. 18AP-945 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on April 15, 2021

**On brief:** *Raymond Mango*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Zachary S. O'Driscoll*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, P.J.

{¶ 1} In this original action, relator, Raymond Mango, requests a writ of mandamus ordering respondent, Ohio Adult Parole Revocation Hearing Committee, a subdivision of Ohio Department of Rehabilitation and Correction, to reinstate his parole or grant him a new revocation hearing with counsel and his witness present.

{¶ 2} This is the second time a panel of this court has considered this original action. In *State ex rel. Mango v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 18AP-945, 2019-Ohio-4774, this court sustained relator's objections to the magistrate's decision to

grant respondent's motion to dismiss, and remanded the matter to the magistrate for further proceedings consistent with law.

{¶ 3} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended this court deny relator's complaint for writ of mandamus.

{¶ 4} Relator has asserted four objections which we summarize here: (1) relator asserts the magistrate erred in dismissing the action in part because relator should have filed a writ of habeas corpus, (2) relator asserts it was vital to have witnesses Jarret and Reid present to testify on his behalf at the revocation hearing and there is no sound legal reasoning that the defense, after reviewing their affidavits, would not put their testimony before the hearing officer for a determination of the charges against relator, (3) relator asserts his defense counsel failed to fulfill his adversarial duty at the hearing, and (4) relator asserts there is no substantial evidence to support the revocation committee's findings that Mango did in fact violate the conditions of his parole as listed in Rule 1 and Rule 8 and, therefore, there is insufficient evidence to revoke his parole.

{¶ 5} In his first objection, relator asserts the magistrate erred in dismissing the original action in part because habeas corpus, not mandamus, is the only action by which immediate release from prison can be accomplished. In *State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140, 141 (1997), the Supreme Court of Ohio stated:

> [Relator] asserts in his various propositions of law that the court of appeals erred in denying the writ of mandamus because appellees did not comply with the minimum due process requirements of *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, when they revoked his parole. Even if [relator's] assertions are correct, he would not be entitled to reversal of the court of appeals' judgment for the following reasons.
>
> [Relator] is not entitled to the requested writ of mandamus for release from prison and reinstatement on parole. Habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison. *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349; *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26, 30. As the court noted in *Lemmon*, 78 Ohio St.3d at 188,

677 N.E.2d at 349, "[a] contrary holding would permit inmates seeking immediate release from prison to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, *i.e.*, attachment of commitment papers and verification."

{¶ 6} In his complaint, relator seeks two forms of relief, that: (1) his parole be reinstated, and (2) he be granted a new revocation hearing with appointed counsel and requested witnesses present. To the extent relator seeks his parole be reinstated, we agree with the magistrate that pursuant to *Johnson* habeas corpus is the appropriate action for relator to pursue. Accordingly, we overrule relator's first objection.

{¶ 7} In his second objection, relator argues his due process rights were violated as Jarrett and Reid were not present to testify on his behalf at the hearing. Relator made this same argument in his complaint and in his objections before us in *Mango*. In *Mango*, we remanded this action to the magistrate to review the record and address relator's claim that he was not provided the opportunity to cross-examine witnesses because Jarrett was not subpoenaed. On remand, the magistrate reviewed the record and determined that relator's right to present witnesses and confront adverse witnesses was not violated in this case. The record confirms the magistrate's recitation of the evidence. It contains a subpoena issued by the Ohio Adult Parole Authority ("OAPA") addressed to Jarrett which indicates it was hand-delivered to Jarrett on April 23, 2018. The audio recording from the hearing reveals that, at the beginning of the hearing, the hearing officer inquired whether relator requested any witnesses. The recording is difficult to hear at this point, and the response is not audible. However, the hearing officer immediately followed up and asked if relator accepts the representations of his counsel, and relator responded he did. Neither relator nor his counsel objected or said anything further indicating that they requested any witnesses. In the record, there is an OAPA form titled "II. Request for Witnesses," an "X" is placed in a box next to the statement "I DO NOT request the presence of any witnesses/documents at my release violation hearing." (Emphasis sic.) (Respondent's Evid. at 11.) The form is signed by relator on April 11, 2018. Finally, the audio recording reveals that, at the end of the hearing, relator's counsel explained to the court that it decided not to seek a continuance to secure Jarrett's appearance after she did not appear in response to respondent's subpoena. Relator's counsel also argued several times during the hearing that Jarrett would

be an inconsistent and contradictory witness. For the reasons outlined by the magistrate and based on our review of the record and law, we agree with the magistrate. Accordingly, we overrule relator's second objection.

{¶ 8} In his third objection, relator argues his counsel at the revocation hearing was ineffective. Relator made this same argument in his complaint. On remand, the magistrate reviewed the record and discussed the same in the context of discussing whether relator's right to present witnesses and confront adverse witnesses was violated. Ohio Adm.Code 5120:1-1-18(A)(5) states:

> With respect to the hearing, the releasee has the following rights:
>
> * * *
>
> (e) The right to representation by counsel if the parole board member or hearing officer finds that the charges and/or the evidence to be presented are complex or otherwise difficult for the releasee to present. If the releasee cannot afford to retain counsel, assistance, upon request, will be provided by the office of the state public defender.

{¶ 9} Here, the magistrate observed that although relator's counsel did not request a continuance when Jarrett failed to appear in response to respondent's subpoena, counsel did request that Jarrett's failure to appear be considered when assessing her credibility as a law-abiding citizen. The hearing audio recording reveals relator's counsel questioned both the parole officer and the police officer who arrested relator and, in essence, asked them whether Jarrett would be a credible witness. Both conceded she would not be. As noted above, relator's counsel argued to the hearing officer that Jarrett's failure to appear should be considered as to her credibility. It appears relator's counsel's strategy was to attack the credibility and veracity of Jarrett's statements to police and to the parole officer rather than request a continuance to require her appearance. "Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if a better strategy had been available." *State v. Albert*, 10th Dist. No. 14AP-30, 2015-Ohio-249, ¶ 40, citing *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995); *Elyria v. Bozman*, 9th Dist. No. 01CA007899, 2002-Ohio-2644, ¶ 18 (decision to attack credibility of witnesses rather than to present evidence is not ineffective assistance of counsel); *State v. Williams,*

9th Dist. No. 17727 (Sept. 25, 1996) (decision to attack credibility and not pursue other avenues of defense, while debatable, is not ineffective assistance).  The record does not reveal any mention of calling or not calling Reid as a witness.  However, in reviewing the hearing strategy of counsel, we must extend great deference to counsel's decisions. "Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second guessed by a reviewing court."  *State v. Medina*, 10th Dist. No. 05AP-664, 2006-Ohio-1648, ¶ 24, citing *State v. Treesh*, 90 Ohio St.3d 460, 489 (2001).  For the reasons outlined by the magistrate and based on our review of the record and law, we agree with the magistrate.  Accordingly, we overrule relator's third objection.

{¶ 10} In his fourth objection, relator argues there was insufficient evidence to revoke his parole.  Relator made this same argument in his complaint and in his objections before us in *Mango*.  In *Mango*, we remanded this action to the magistrate to review the record and address relator's claim that respondent wrongly relied on hearsay.  On remand, the magistrate reviewed the record and determined there was sufficient evidence presented to demonstrate that relator physically assaulted Jarrett in violation of Rule 1 and changed his address without approval in violation of Rule 8.  The police bodycam video admitted into evidence reveals Jarrett telling the officer that relator hit her in the lip and around her eye.  She also informs the officer she did not think he hit her as hard as he could have. Further, the officer observes marks on Jarrett.  When the officer informs Jarrett that relator will go to jail, Jarrett tells the officer she was lying and she fell down the stairs.  Relator initially tells the officer he did not hit Jarrett.  After the officer read relator his rights, relator tells the officer that Jarrett pushed him and he pushed Jarrett.  The parole officer's testimony supports the finding as well.  For the reasons outlined by the magistrate and based on our review of the record and law, and considering the preponderance of the evidence burden of proof before the OAPA, we agree with the magistrate.  Accordingly, we overrule relator's fourth objection.

{¶ 11} Finally, we note that on December 17, 2020, relator filed with this court a notice of information including a copy of a letter dated November 9, 2020 to the Chair of the Ohio Parole Board from Cullen Sweeney, Deputy Chief of the Cuyahoga County Office Public Defender,.  In the letter, Sweeney requests respondent reconsider its revocation decision of April 2018 and move up relator's new parole hearing date from March 2021.

The letter indicates that since relator's return to prison, he was diagnosed with prostate cancer, had surgery, and is awaiting follow up to determine the success of the surgery and possible further treatment.  The letter also indicates relator has hypertension, Type II diabetes, Hepatitis C, and liver disease (chronic renal insufficiency) and is at significant risk for serious medical complications if he contracts COVID-19.  Neither party has provided additional or updated information regarding relator's request of the parole board.  In overruling relator's objections to the magistrate's decision, we express no position related to relator's request of the parole board as expressed in Sweeney's November 9, 2020 letter.

{¶ 12} Upon review of the magistrate's decision, an independent review of the record and due consideration of relator's objections, we find the magistrate did not err in determining the pertinent findings of fact and conclusions of law.  We overrule relator's four objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of facts and conclusions of law contained therein.  Relator's request for a writ of mandamus is denied.

*Objections overruled;*
*writ of mandamus denied.*

SADLER and LUPER SCHUSTER, JJ., concur.

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Raymond Mango, | : | |
| Relator, | : | |
| v. | : | No. 18AP-945 |
| Ohio Department of Rehabilitation & Corrections (Adult Parole Revocation Hearing Committee), | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 2, 2020

*Raymond Mango,* pro se.

*Dave Yost,* Attorney General, and *Zachary S. O'Driscoll,* for respondent.

### IN MANDAMUS

{¶ 13} This is the second magistrate's decision to issue in this original action in which relator, Raymond Mango, requests a writ of mandamus ordering respondent, Ohio Adult Parole Revocation Hearing Committee, a subdivision of Ohio Department of Rehabilitation and Correction ("respondent"), to reinstate his parole or grant him a new revocation hearing with counsel and his witnesses present.

{¶ 14} Following this court's decision rendered on November 21, 2019, in *State ex rel. Mango v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-945, 2019-Ohio-4774, this court issued a journal entry on the same day that sustained relator's objections to the

magistrate's decision and remanded the matter to the magistrate for further proceedings consistent with the law and the decision.

{¶ 15} This original action is now before the magistrate on this court's remand.

Findings of Fact:

{¶ 16} 1. Relator is an inmate currently incarcerated at Lake Erie Correctional Institution.

{¶ 17} 2. On March 28, 2018, police were dispatched to 7604 Sagamore Road, Cleveland, Ohio, on a call for a male needing assistance retrieving property. Upon arrival, relator, who was on parole, indicated that he and his girlfriend had argued earlier in the day, and he wanted to retrieve his clothes and leave. The officers knocked on the door and spoke with Gwendolyn Jarrett, relator's girlfriend, who informed police she would not allow relator to come inside and indicated that he had hit her. The police noticed a contusion on her lip and swelling on the side of her face. Initially, relator insisted he did not touch Jarrett; however, he ultimately admitted he pushed her. At that time, relator was placed in handcuffs. Jarrett came outside, indicated she did not want relator to go back to jail, and stated she had fallen down the stairs. Relator was taken into custody.

{¶ 18} 3. A revocation hearing was scheduled for May 2, 2018.

{¶ 19} 4. Jarrett was subpoenaed to testify at the hearing and the subpoena was hand-delivered to her address on April 23, 2018.

{¶ 20} 5. At the hearing, relator was charged with the following violations:

> RULE 1 Count 1: On or about 3/28/2018, in the vicinity of Cleveland, Ohio, you caused or attempted to cause physical harm to Gwendolyn Jarrett.
>
> RULE 2 Count 1: On or about 3/28/2018, you failed to comply with a verbal order issued by your Supervising Officer instructing you to have no contact with Gwendolyn Jarrett.
>
> RULE 8 Count 1: On or about 3/28/2018, you failed to comply with a Parole Board special condition ordering you to have no change at residence without prior approval from the Board.

{¶ 21} 6. Jarrett did not appear to testify. One of the two police officers appeared to testify, and his bodycam video was introduced into evidence.

{¶ 22} 7. Relator was represented by counsel. Following the hearing, relator was found guilty of Rule 1, causing or attempting to cause physical harm to Jarrett, and Rule 8, failure to comply with the condition ordering him to have no change in residence without prior approval from the board, but not guilty of Rule 2. Relator's parole was revoked, and he was ordered to serve an additional 36 months incarceration.

{¶ 23} 8. Relator submitted an appeal to the Ohio Adult Parole Authority ("OAPA").

{¶ 24} 9. In a letter dated September 20, 2018, David Lomax, chief hearing officer for the Ohio Parole Board, responded:

> I have reviewed the hearing material for your case and note that you received a full revocation hearing on or about May 2, 2018. During the hearing you were represented by counsel and was provided an opportunity to present evidence and cross examine witnesses. The Hearing Officer determined revocation of your parole was warranted and the Ohio Parole Board concurred. The decision of the hearing officer is final unless there is case dispositive or prejudicial error. I have concluded that no such error exists in this matter.

{¶ 25} 10. On December 10, 2018, relator filed this mandamus action arguing that he was not represented by counsel, not permitted to cross-examine the witness against him, and that his parole was revoked solely on the basis of hearsay.

{¶ 26} 11. On January 11, 2019, respondent filed a motion to dismiss.

{¶ 27} 12. On February 1, 2019, relator filed a reply in opposition to the motion to dismiss.

{¶ 28} 13. On February 8, 2019, respondent replied to relator's response.

{¶ 29} 14. On February 27, 2019, relator filed an additional motion in response.

{¶ 30} 15. On May 21, 2019, the magistrate issued a decision, in which she granted respondent's motion to dismiss. With regard to relator's argument that his counsel was ineffective for not subpoenaing Jarrett to attend the hearing, the magistrate found that Jarrett was, in fact, subpoenaed to appear at his parole revocation hearing. With regard to relator's argument that he was denied his right to examine the witnesses and confront his accusers, the magistrate found that Jarrett was subpoenaed to attend the hearing, and it was hand-delivered to her address, contradicting the letter from Jarrett submitted by relator stating that she never received notice. Lastly, with regard to relator's argument that his parole was revoked solely based upon hearsay evidence, the magistrate found that, not

only did one of the responding police officers testify as to the statements Jarrett made to him, but he also testified as to his observations of Jarrett's abraded lip and swelling on her face, thereby providing direct evidence. Furthermore, the bodycam video was submitted for the parole board to review and relator admitted he pushed Jarrett, in support of a violation of Rule 1, and relator himself told the police that he was keeping his clothes at Jarrett's residence, in support of a violation of Rule 8.

{¶ 31} 16. Relator filed objections to the magistrate's decision, and in the November 21, 2019 decision in *Mango*, the court sustained relator's objections. With regard to relator's claim that he was not provided the opportunity to cross-examine witnesses because Jarrett was not subpoenaed (whether by his counsel or respondent), the court found that the letter from Jarrett submitted with his complaint, which stated she never received notice of the hearing, constituted conflicting evidence that required the magistrate to impermissibly weigh evidence to make her findings. With regard to relator's argument that respondent relied upon hearsay to find that he violated Rule 8, the court found that the magistrate relied upon the police narrative attached to the complaint that merely suggested what the officer's testimony might have been and what the bodycam video might depict, thereby rendering the magistrate unable to conclusively determine the issue without evidence from the record or an App.R. 9(C) statement. Furthermore, the court found that, even if it were to accept that the officer testified as the narrative suggests, such testimony was not conclusive of a finding that relator violated Rule 8. Finally, the court noted that the magistrate did not address respondent's ground for dismissal that relator's petition should have been brought as a habeas corpus petition instead of a complaint in mandamus, and the magistrate could consider this argument upon remand.

{¶ 32} 17. On August 10, 2020, this magistrate was appointed and substituted as magistrate in the present matter.

Conclusions of Law:

{¶ 33} The magistrate recommends that this court deny relator's writ of mandamus.

{¶ 34} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 35} Habeas corpus, not mandamus, is the only remedy for a claim of entitlement to immediate release from prison. *State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140 (1997). In the present action, relator specifically requested in his complaint a release from prison and reinstatement of parole, which is something that may be accomplished only through habeas corpus, not mandamus. Therefore, insofar as relator's complaint seeks such immediate release from prison, mandamus relief is denied. *See Id.* (finding that the relator was not entitled to a writ of mandamus for release from prison and reinstatement on parole).

{¶ 36} Relator's second request for relief in his complaint was that he be granted a new revocation hearing. In his complaint and brief, relator asserted that (1) his counsel failed to contact his witnesses when relator requested that they testify at the revocation hearing; and (2) respondent wrongly relied upon hearsay testimony in finding that he violated his parole rules.

{¶ 37} In parole revocation proceedings, due process requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471 (1972).

{¶ 38} Relator's first contention is that his right to have Jarrett and Vernell Reid testify at his revocation hearing was violated when they were either never subpoenaed or the subpoenas never reached them. Relator contends that Jarrett would have testified at the revocation hearing that relator never caused her harm, and she told the officer at the scene that she had lied when she claimed he had harmed her. As for Reid, relator's sister, relator contends that she would have testified at the revocation hearing, consistent with her affidavit, that relator had been living at her residence since he was released from prison.

{¶ 39} Relator's right to present witnesses or confront adverse witnesses was not violated in this case. Relator asserts in both his complaint and brief that he attempted to

produce Jarrett and Reid to testify on his behalf. However, relator did not request any witnesses for his release violation hearing in his request for witnesses form. Furthermore, at the hearing, the hearing officer confirmed with relator that he did not request any witnesses, and relator did not express any desire to do so. Importantly, relator's counsel acknowledged at the hearing that Jarrett was subpoenaed by the state but failed to appear, and they contemplated requesting a continuance for Jarrett to appear but decided not to do so. Relator's counsel did request that Jarrett's failure to appear be considered when assessing her credibility as a law-abiding citizen. Furthermore, the letter from Jarrett submitted with relator's complaint, in which she contended that she never received notice of the hearing, was contradicted by the subpoena submitted by respondent showing that it was hand-delivered to her address. Under these circumstances, when the evidence and hearing transcript reveal no attempt by relator to secure witnesses to testify on his behalf, Jarrett was subpoenaed by respondent but did not appear, and relator failed to request a continuance to secure Jarrett's testimony, the magistrate cannot find that relator's right to present witnesses or confront adverse witnesses was violated.

{¶ 40} Relator's second contention is that his parole determination was based upon insufficient evidence. He first argues that, with regard to the violation of Rule 1, Jarrett admitted in a sworn affidavit that she lied when she told police at the scene that relator physically assaulted her, and respondent relied only upon the hearsay evidence of Officer J. Crivel with regard to what Jarrett told him at the scene.

{¶ 41} In *State ex rel. Hines v. Ohio Parole Bd.*, 10th Dist. No. 95APE05-623 (Dec. 5, 1995), this court noted that, although parole revocation hearings do not equate to criminal prosecutions, and the process should be flexible enough to consider evidence, such as hearsay, that would not normally be admissible in an adversary criminal trial, in most cases hearsay cannot form the sole basis for revocation of parole. *Id.,* citing *Morrissey* and *Columbus v. Lacy*, 46 Ohio App.3d 161 (10th Dist.1988).

{¶ 42} Here, Officer Crivel testified that Jarrett told him at the scene that relator had a physical confrontation with her, and he hit her. The hearing officer could rely upon this testimony. *See State ex rel. Johnson v. Ohio Adult Parole Auth.*, 90 Ohio St.3d 208 (2000) (testimony of police officers regarding statements made by the petitioner's girlfriend, who was the victim of an assault, was admissible at petitioner's parole revocation as admissible

hearsay under Evid.R. 803(2), and even if they were not, hearsay is admissible in revocation proceedings); *Pope v. Sheldon*, 5th Dist. No. 18CA52, 2018-Ohio-4396 (rejecting petitioner's claim that his due process rights were violated because his parole violation was based solely upon an officer's hearsay testimony concerning statements made by petitioner's girlfriend, who was the victim of an assault, because hearsay is admissible at a parole revocation hearing). Furthermore, Officer Crivel testified that he observed an abrasion on Jarrett's lip caused by relator punching her. In the police bodycam video submitted at the hearing, Jarrett told the officer that relator beat on her, and he hit her three times in the face. Relator also admitted in the bodycam video that he pushed Jarrett. Jarrett's injuries on her face were visible on the video. Therefore, the evidence relied upon by respondent in finding a violation of Rule 1 was not solely hearsay evidence.

{¶ 43} With regard to the violation of Rule 8, relator contends that respondent relied heavily upon Officer Crivel's hearsay testimony, there was no evidence presented that he received mail at Jarrett's house, and there was no evidence from any neighbor regarding where he lived or did not live. However, the evidence relied upon by respondent in finding a violation of Rule 8 was not solely hearsay evidence. Parole Officer Keck testified that relator's OAPA-approved residence was 19514 Arrowhead Avenue, Cleveland, Ohio 44119, while respondent believed relator was living with Jarrett at 7604 Sagamore Road, Cleveland, Ohio 44103. Officer Keck said that Jarrett told her during a meeting in April 2018 that relator stayed at her house at times. Officer Crivel also testified at the hearing that relator said he had been staying at Jarrett's house when he called for police assistance. Furthermore, in the bodycam video, Jarrett said she told relator he had too much stuff in the house to gather now, and she would put the rest outside. Relator also said in the bodycam video that the bag of clothes sitting outside of the house was nowhere near all of the clothes that he had inside the house. Jarrett's and relator's statements to police at the scene support a finding that relator was actually living with Jarrett and not merely there to wash work clothes, as relator claimed. Therefore, there was sufficient evidence presented to demonstrate that relator changed his residence without approval.

{¶ 44} Accordingly, it is the magistrate's recommendation that because mandamus is not the proper remedy for a claim of entitlement to the immediate release from prison,

and relator has not shown a clear legal right to a new parole revocation hearing, this court should deny relator's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).