[Cite as *State ex rel. Clisby v. Ohio Adult Parole Auth.*, 2025-Ohio-1843.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Cornell Clisby, | : | |
| Relator, | : | |
| | | No. 24AP-166 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent]. | : | |

D E C I S I O N

Rendered on May 22, 2025

**On brief:** *Cornell Clisby*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS

BOGGS, J.

{¶ 1} Relator, Cornell Clisby, an inmate at the Federal Correctional Institution in Memphis, Tennessee, requests that this court issue a writ of mandamus ordering respondent, the Ohio Adult Parole Authority ("APA"), to terminate his postrelease control, which he began to serve in 2011 as part of a sentence entered by the Hamilton County Court of Common Pleas in 2008. Alternatively, Clisby asks this court to issue a writ of mandamus ordering the APA to recall the state warrant placed with the Federal Bureau of Prisons and to impose sentence in absentia for violation of his postrelease control.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that Clisby has not shown the existence of a clear legal right to the requested relief or that the APA is under a clear legal duty to provide it. In

particular, the magistrate concluded that Clisby has not shown that the APA was under a clear legal duty to hold a revocation hearing, and the magistrate recommends that this court deny the requested writ.

**{¶ 3}** No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

**{¶ 4}** Upon review, we find no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision, including the findings of fact and the conclusions of law therein, as our own and conclude that Clisby has failed to establish a right to a writ of mandamus.

*Writ of mandamus denied.*

DORRIAN and LELAND, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Cornell Clisby, | : | |
| Relator, | : | |
| v. | : | No.  24AP-166 |
| Ohio Adult Parole Authority | : | (REGULAR CALENDAR) |
| Respondent]. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 13, 2025

*Cornell Clisby*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS

**{¶ 5}** Relator,[1] Cornell Clisby, requests the issuance of a writ of mandamus compelling respondent Adult Parole Authority (the "APA") to terminate his postrelease control or, in the alternative, to recall the state warrant and impose sentence in absentia. For the following reasons, the magistrate recommends denying the writ.

---

[1] The magistrate notes that this case was not commenced in the name of the state on the relation of Clisby. *See* R.C. 2731.04 ("Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit."). The APA did not raise this procedural defect as a defense or move to dismiss the complaint on this basis. *See* APA's Answer at 2, fn. 1. Therefore, the issue of compliance with the statute's requirements has been waived and the style corrected accordingly. *See Salemi v. Cleveland Metroparks*, 2016-Ohio-1192, ¶ 15 (stating that the Supreme Court of Ohio's "jurisprudence implies that the requirements of [R.C. 2731.04] are not jurisdictional" and noting that "[b]ecause this court consistently treats miscaptioning as a waivable defense, it has become common practice when parties fail to raise the issue simply to correct the error before publication"); *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 2018-Ohio-2168, ¶ 8 (noting the court's holding that the requirements of R.C. 2731.04 were not jurisdictional).

## I. Findings of Fact

{¶ 6}    1. Clisby is incarcerated at the Federal Correctional Institution in Memphis, Tennessee (FCI Memphis).

{¶ 7}    2. The APA is a bureau-level administrative section of the Division of Parole and Community Services, which in turn is a division of the Ohio Department of Rehabilitation and Correction ("DRC"). *See* R.C. 5149.02.

{¶ 8}    3. On February 20, 2008, Clisby, having been found guilty of two counts of trafficking in drugs in violation of R.C. 2925.03, was sentenced in the Hamilton County Court of Common Pleas to a five-year period of incarceration on each count, to be served concurrently. Clisby was also sentenced to a five-year period of postrelease control. In the sentencing entry, Clisby was informed that if he violated a condition of postrelease control, the APA was authorized to impose a prison term of up to nine months.

{¶ 9}    4. On December 15, 2011, Clisby was released on postrelease control under the supervision of the APA.

{¶ 10}   5. Clisby was provided with conditions of supervision for postrelease control, which he signed on December 19, 2011.

{¶ 11}   6. According to Christopher Gerren, fugitive coordinator with the APA field services, on October 11, 2012, Clisby was "declared a violator-in-custody-(federal)" after the APA received information that Clisby had been arrested by the United States Marshals Service "in relation to Possession with Intent to Distribute Heroin." (APA Ex. A at 2.) On this information that Clisby had violated the conditions of his release, the APA placed a holder with the United States Marshals Service at the time of Clisby's arrest.

{¶ 12}   7. Following Clisby's conviction and the imposition of judgment in 2014, the United States District Court for the Southern District of Ohio issued an amended judgment in May 2024. Clisby was sentenced to imprisonment for a term of 272 months, with 8 years of supervised release upon release from imprisonment.

{¶ 13}   8. On September 10, 2014, the APA issued a state warrant to the Federal Bureau of Prisons for Clisby's arrest. In a letter to the Federal Correctional Institution, McDowell in Welch, West Virginia, which was also dated September 10, 2014, Gerren asked that the state warrant act as a detainer.

{¶ 14}   9. Clisby filed his complaint for writ of mandamus on March 7, 2024.

{¶ 15} 10. On March 22, 2024, the APA filed a motion to dismiss, asserting the complaint should be dismissed under Civ.R. 12(B)(1) and (6) for lack of compliance with R.C. 2969.25.

{¶ 16} 11. Clisby filed an amended complaint on March 26, 2024. Clisby requested as relief that "an Order to Show Cause be issued to [the APA], to show cause why probation shall not be terminated due to not providing [Clisby] a due process mitigating hearing before placing a detainer on his case/Alternatively recall detainer warrant and impose sentence in Absentia to run concurrent with supervised release once commenced." (Am. Compl. at 3.)

{¶ 17} 12. The APA filed a motion to strike the amended complaint on April 3, 2024.

{¶ 18} 13. A magistrate's order denying the APA's motion to dismiss was issued on April 16, 2024. A magistrate's order denying the APA's motion to strike was issued on April 17, 2024.

{¶ 19} 14. The APA filed an answer and affirmative defenses on April 29, 2024.

15. On June 6, 2024, Clisby filed a notice of court-access obstruction. In this unsworn statement, which was dated May 23, 2024, Clisby stated that he was "confined in Federal Correctional Institution Memphis," and had been "denied access to Ohio statutes, Ohio procedural rules of court, and Ohio decisional law." Clisby stated that his constitutional right to effective and meaningful access to the courts in Ohio had been denied.

{¶ 20} 16. The APA filed a presentation of evidence on July 1, 2024.

{¶ 21} 17. Clisby filed a motion for leave to file brief instanter on August 21, 2024, which was accompanied by his merit brief.

{¶ 22} 18. Clisby's motion for leave to file brief instanter was granted by magistrate's order on August 26, 2024.

{¶ 23} 19. The APA's merit brief was filed September 16, 2024.

## II. Discussion and Conclusions of Law

{¶ 24} Clisby has filed this action in mandamus seeking an order compelling the APA to terminate his postrelease control or, in the alternative, to recall the warrant and detainer placed with the Federal Bureau of Prisons.

## A. Mandamus

{¶ 25} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 13 (10th Dist.) (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). In order for a writ of mandamus to issue in this matter, Clisby must establish by clear and convincing evidence: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of APA to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 19. " 'Clear and convincing evidence' is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established." *State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 14, citing *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

## B. Analysis

{¶ 26} This matter presents a question of timing: when is the APA is required to hold a hearing regarding the charge that Clisby violated the terms of his postrelease control? The answer to this question begins with an analysis of the requirements of due process in release revocation proceedings and statutory provisions pertaining to violations of postrelease control.

{¶ 27} "The revocation of parole implicates a liberty interest which cannot be denied without certain procedural protections." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186 (1995), citing *Morrissey v. Brewer*, 408 U.S. 471 (1972). *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that an individual released from incarceration on probation possesses the same liberty interest in remaining free from a return to incarceration as one released on parole). "Minimum due process entitles parolees to certain rights, including the right to a hearing within a reasonable time following arrest and, under certain circumstances, the right to counsel." *Jackson* at 186.

{¶ 28} R.C. 2967.15 addresses various issues related to charges of violations of postrelease control, including arrest, hearings, and tolling. Under that statute, if an APA field officer has reasonable cause to believe that a releasee under the supervision of the APA has violated or is violating a term or condition of postrelease control, "the field officer may arrest the person without a warrant or order a peace officer to arrest the person without a warrant." R.C. 2967.15(A). Under R.C. 2967.15(B), prior to the revocation of release and the imposition of a new prison term as a postrelease control sanction, the APA must grant a hearing to the person charged with the violation. However, the APA "is not required to grant the person a hearing if the person is convicted of or pleads guilty to an offense that the person committed while released on a pardon, on parole, or another form of release, or on post-release control and upon which the revocation of the person's pardon, parole, other release, or post-release control is based." R.C. 2967.15(B). The statute also addresses circumstances related to sentences imposed by a federal court:

> A person who is a parolee or releasee, who is under transitional control, or who is under another form of authorized release under the supervision of the adult parole authority and who has violated a term or condition of the person's conditional pardon, parole, transitional control, other form of authorized release, or post-release control shall be declared to be a violator if the person is committed to a correctional institution outside the state to serve a sentence imposed upon the person by a federal court or a court of another state or if the person otherwise leaves the state.

R.C. 2967.15(D). Under R.C. 2967.15(C)(1), "[t]he time between the date on which a person who is a parolee or other releasee is declared to be a violator or violator at large and the date on which that person is returned to custody in this state under the immediate control of the adult parole authority shall not be counted as time served under the sentence imposed on that person or as a part of the term of post-release control."

{¶ 29} Citing *Morrissey*, Clisby appears to argue he was entitled to a due process hearing establishing that a violation of probation occurred before placing a detainer. The APA responds that as a result of his federal conviction and sentence, Clisby was not available to the APA in order to conduct a hearing.

{¶ 30} The Supreme Court of Ohio has held that "the 'operative event triggering any loss of liberty attendant upon parole revocation' is execution of and custody under the warrant issued upon a parole violation." *State ex rel. Marsh v. Tibbals*, 2017-Ohio-829,

¶ 13, quoting *Moody v. Daggett*, 429 U.S. 78, 87 (1976). Thus, for an individual detained in federal prison such as Clisby, the APA's duty to hold a revocation hearing, if such a duty exists under R.C. 2967.15(B) or other applicable law, does not arise until after an offender completes their federal sentence and federal authorities transfer the offender into state custody. *Marsh* at ¶ 13. The APA has declared Clisby a violator in custody consistent with R.C. 2967.15(D). As Clisby remains in a federal correctional institution outside the state serving a sentence imposed by a federal court and has not yet been transferred into state custody, Clisby has not shown the APA was under a clear legal duty to hold a hearing.

## C. Conclusion

{¶ 31} For the foregoing reasons, the magistrate finds Clisby has failed to demonstrate the existence of a clear legal right to the requested relief or that the APA is under a clear legal duty to provide it. Accordingly, it is the decision and recommendation of the magistrate that Clisby's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.